(106 N. W. 51.)

---

W. A. CURRIE, TRUSTEE OF SYLVESTER G. LOOK, BANKRUPT, v. HELENA E. LOOK.

Opinion filed October 21, 1905.

**Trustee in Bankruptcy Succeeds to Bankrupt's Title to His Property and Can Enforce a Trust.**

1. Under section 70 of the national bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), a trustee in bankruptcy is vested with the title of all the bankrupt's property as of the date he was adjudged bankrupt, except exempt property, and he may enforce a trust in real estate existing in favor of the bankrupt.

**Trusts — Involuntary Trustee — Property Gained by Fraud.**

2. It is a settled doctrine in equity, and one declared by section 3386, Rev. Codes 1899, that "when a transfer of real property is made to one person, and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made," and under section 4263, Rev. Codes 1899, "one who gains a thing by fraud" is an involuntary trustee * * * for the benefit of the person who would otherwise have had it."

**Bankruptcy — Conveyance to Wife — Recovery by Trustee.**

3. Upon the facts stated in the opinion, and upon a review of the entire case in this court, in an action prosecuted by a trustee in bank-

ruptcy to subject certain real estate which had been transferred to the bankrupt's wife to the payment of his debts, it is *held* (1) that the bankrupt's wife was merely a trustee of the title, and (2) that the plaintiff is entitled to a decree transferring title to him.

Appeal from District Court, McHenry county; *Palda, J.*

Action by W. A. Currie, trustee of Sylvester G. Look, bankrupt, against Helena E. Look. Judgment for plaintiff, and defendant appeals.

Modified.

*A. M. Christianson* and *Charles D. Donnelly,* for appellant. *Murphy & Duggan,* for respondent.

YOUNG, J. The plaintiff, Currie, as trustee in bankruptcy of Sylvester G. Look, bankrupt, brought this action to cancel a deed of certain real estate executed by Sildia A. Pendroy and husband to Helena E. Look, the bankrupt's wife, upon the ground that the conveyance was without consideration and a fraud upon his creditors. The findings of the trial judge were in plaintiff's favor and a judgment of cancellation was entered. The bankrupt's wife, the grantee in the conveyance in question, appeals, and demands a review of the entire case in this court.

The property in question consists of two lots in the town of Denbigh, McHenry county, which were formerly owned by Sildia A. Pendroy. Some time in 1901, through the agency of her husband, she contracted to convey the same to S. G. Look, the bankrupt, by warranty deed, upon the payment of $1 and the erection thereon of a store building of a certain description. The consideration was paid and building erected. On January 22, 1902, Sildia A. Pendroy and her husband joined in a deed of the premises to Helena E. Look, the defendant herein, which deed was placed upon record. On April 10, 1902, Look was adjudged a voluntary bankrupt by the United States District Court for North Dakota, and the plaintiff was named as trustee. The bankrupt included the property here in question in his schedule of assets, and in his statement of liabilities stated that Helena E. Look was a creditor to the amount of $6,000 for cash received, and that his obligation therefor was evidenced by written contract. The plaintiff commenced this action on October 30, 1903. He alleges, among other things, that the deed was made without the knowledge or consent of the bankrupt or his creditors, and that the defendant

obtained the deed with knowledge of her husband's insolvency, and by fraud, deceit and misrepresentation, and with the purpose of cheating and defrauding the bankrupt and his creditors, and that the deed was wholly without consideration, and prayed that the defendant be required to set forth her claim of title, that it be adjudged that the defendant has no right or title, that the deed in question be canceled, and "for such other and further relief as may be just." The defendant alleges in her answer that the deed was given for a valuable consideration, and that "this defendant is the absolute owner in fee simple of the above described property for the said consideration paid by this defendant," and prays that "it be decreed that she is the absolute owner of the above described land in fee simple," and that the plaintiff be forever barred from asserting any claim thereto.

The trial judge found that Pendroy's contract for the sale of the lots was with Look, the husband, and that the consideration therefor was paid by the latter; further, that before the deed in question was executed Look was negotiating with his creditors with a view to transferring to them all of his property, including these lots, in payment of his debts, and in fact had executed a trust deed which included these lots; that all of these facts were known to the Pendroys and to his wife, Helena E. Look; that the deed procured by the latter was obtained for the purpose of cheating her husband's creditors and to prevent the application of this property to the payment of his debts. The findings of fact, in our opinion, have ample support in the evidence. The appellant's contention that the contract for the purchase of the lots, which was oral, was her contract, and not her husband's, and that she paid the consideration, is not sustained. In our opinion the evidence shows that the contract was with her husband and that he paid the consideration. It is true she furnished a large part, if not all, of the money which her husband used in erecting the building; but the sums so advanced by her were to her husband by way of loans to enable him to perform his contract. She was simply his creditor. Her husband was her debtor for the sums she had advanced to him to carry out his contract, and these amounts were evidenced by his written obligation. The consideration for the deed was paid by Look. No consideration passed from her for the deed which she obtained from the Pendroys. Do these facts entitled this plaintiff to equitable relief? An affirmative answer must be given to this question. Under section 70 of the

national bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), the plaintiff, as trustee in bankruptcy, becomes vested with the title of the bankrupt as of the date he was adjudged bankrupt, except as to exempt property. Whatever rights Look then had in the property passed to the trustee and he may enforce them. 16 Am. & Eng. Enc. Law, 730, and cases cited in note 7; Loveland on Bankruptcy, section 163.

What were Look's rights? He had purchased the lots and had paid for them. The vendor, instead of transferring the title to him, transferred it to his wife, the defendant herein. Upon these facts it is clear that the defendant received and held the title of the property in trust for her husband under the well-settled equitable doctrine declared in section 3386, Rev. Codes 1899, which reads as follows: "When a transfer of real property is made to one person and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." This presumption is not rebutted. It is true the fact that the grantee is the purchaser's wife raises a presumption that a gift or settlement was intended, and in such case a trust will not arise unless the presumption of intent is overcome. Beach on Trusts and Trustees, section 160; Perry on Trusts, section 145. The evidence in this case, however, conclusively negatives this intent. The defendant makes no such claim. Her only claim, and it is not sustained by the evidence, is that she herself bought and paid for the property. It follows that the defendant was merely the trustee of the title for her husband and that the plaintiff is entitled to enforce the trust. If it be said that her husband did not give his assent to the execution of the deed to her by the Pendroys, and that she obtained it without his knowledge or assent, and the evidence would indicate that to be the fact, so as to render the foregoing statutory presumption of intent inapplicable, still this fact places her in no better position. If she in fact obtained the deed without his knowledge or assent, she acquired it fraudulently, and the result is the same, for she is then a trustee of the title under section 4263, Rev. Codes 1899, which reads as follows: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act is, unless he has some other and better right thereto, an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it." See Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Persons v. Persons,

25 N. J. Eq. 250. In either view the defendant is a mere trustee of the title and may be compelled to transfer the same to the plaintiff who has succeeded to the rights of her husband.

It is urged, however, that the property was and is the family homestead under the laws of this state, and that the plaintiff, for this reason, acquired no interest therein by reason of his appointment as trustee in bankruptcy. There is no basis for this claim either in the pleadings or in the evidence. The defendant in her answer stands upon an allegation of purchase. She does not allege or attempt to allege that she has a homestead interest. It seems to be a well-settled rule of pleading that one who wishes to avail himself of a homestead right must allege the facts which entitle him to it. Thompson on Homesteads, section 702; 10 Am. & Eng. Enc. Pl. & Pr. 81, and cases cited. Were the rule different, still the defendant must fail, for the evidence—and it was admitted over objection that it was not within the issues—wholly fails to show that this property was a homestead when this action was commenced, or for a long time prior thereto. On the contrary, it clearly appears that it was not a homestead. The bankrupt's family consisted of himself and his wife. They were married in 1901. In the latter part of that year they occupied rooms in the rear part of the store building. Early in 1902, and at the time of her husband's failure, family differences arose. It does not appear that they have lived together since, or that either of them has occupied the premises since the execution of the trust deed on January 23, 1902. Look has since resided at Berwick. As husband he was the head of the family, and could "choose any reasonable place or mode of living and the wife must conform thereto." Section 2764 and subdivision 8, section 2740, Rev. Codes 1899. No facts are shown which in law would entitle the defendant to maintain a homestead right while living apart from her husband, and there is in fact no evidence tending to show that she has actually occupied these premises since January, 1902.

The remaining questions discussed by appellant's counsel are rendered immaterial by the views already expressed. The trial court was correct in finding that the plaintiff was entitled to relief, but it will appear from what we have already said that the relief awarded—i. e., cancellation of the deed—is neither adequate nor appropriate. Under the facts the plaintiff is entitled to a conveyance of title from the defendant, and this may be granted under his general prayer.

The district court is directed to modify its decree accordingly, and, as thus modified, it will be affirmed, with costs to respondent. All concur.