[File No. 6500.]

J. A. HYLAND as Administrator with the Will Annexed of the Estate of Frank Tousley, Deceased, Appellant, v. FRANK C. TOUSLEY, Respondent.

(275 N. W. 340.)

Opinion filed September 30, 1937.

*Alfred Zuger* and *C. L. Fosler,* for appellant.

*P. J. Engeseth,* for respondent.

BURR, J. The plaintiff, as administrator cum testamento, brings this action: to determine adverse claims to real property described as the East fifty feet (50′) of the North fifty feet (50′) of Lot four (4), Block five (5), Northern Pacific Addition to the city of Bismarck; to quiet title to said property in the plaintiff as administrator of the estate of Frank Tousley, deceased; to have all claims of the defendant to said property adjudged null and void; and to recover from the defendant "the reasonable value of the rents and profits and use and occupation of the said premises . . . ."

The answer alleges that defendant: "is the owner in fee simple of the real property described . . . ;" denies that he is indebted to the plaintiff or the estate, in any sum whatever, for the use and occupation of said premises; alleges that plaintiff has no authority from the judge of the county court to prosecute this action and prays that plaintiff's action be dismissed.

The court rendered judgment in favor of the defendant, dismissing the action "without prejudice however to the commencement of an action herein in the county court under §§ 8712 and 8713 or on the Hearing of the Inventory of the Final Account of the Administrator." Judgment was entered accordingly and the plaintiff "appeals from the said judgment and the whole thereof," stating in the specifications of error "that he . . . demands a re-hearing of the entire case in the Supreme Court."

The appellee says that the issues involved are: the manner of procedure; the sufficiency of the evidence to sustain the decision of the lower court; and the ownership of the property involved.

Appellant says that this is an action to quiet title to the real estate. This, in fact, is the foundation of the controversy. If the estate does not own the real property, then the matter of procedure may become important.

In the memorandum opinion the trial court said: "It seems to me an action to quiet title and to recover the rents is not the proper remedy here. Assuming that such an action may be brought by the administrator without an order of the Court, the evidence does not warrant a decree quieting title in the administrator for the reason that the preponderance of the evidence shows that the estate was not the owner."

The order for judgment recites: "The respective parties herein having introduced testimony at the Hearing submitted to the court for its consideration and the court being fully advised in the premises and having filed herein its memorandum, It is hereby ordered that the above entitled action be dismissed without prejudice however to the commencement of an action herein in the County Court under Sections 8712 and 8713 or on the hearing of the inventory of the final account of the Administrator."

Frank Tousley and Frank C. Tousley were father and son and are so designated herein. The record shows that the son borrowed $900 from his father for the purchase of the land involved—the purchase price being $2,100—furnishing the remainder of the money himself. The deed was issued June 14, 1926, in the name of "Frank Tousley" as grantee. June 19, 1926 the father made his will wherein he stated, "I will and bequeath to my son, Frank C. Tousley, all of my property, real and personal." This is the will sought to be probated and under which the plaintiff acts.

The record shows the money borrowed was repaid to the father some time prior to August, 1930. In the meantime the son remodeled the property and expended $700 or $800 in improvements. The father died in August, 1930, and in February, 1931, the son petitioned for the probate of this will describing the property involved as being "all of the real estate *of said deceased* situate in the State of North Dakota . . . "

We are satisfied that the father was the grantee named in the deed. The father was living with the son at that time and they were living together when the father died. The land was purchased for the son, but title was taken in the name of the father to protect his interest in case of the son's death, the son having borrowed $900 from him.

In a letter written by the son on April 9, 1933, he states the property "was on record in the name of Frank Tousley to protect his interests in case of my death." There is no question but what this referred to the father. There is ample evidence to show that the property was purchased for the son, but the title placed in the name of the father because of the loan made by the father to the son. This was done to protect the father's interest, and almost immediately thereafter, apparently to protect the son's interest, the father made the will, giving all of his property to the son.

It is true that in this case the son claims to be the grantee in the deed, and, in a somewhat ingenuous way, tried to argue in letters written in 1936 that the "Frank Tousley" mentioned in the deed was in fact himself, despite his statements in the letter of 1933 and in the petition for probate. In extenuation we feel it proper to state that the later letters show considerable feeling and therefore account for the fact that the son departed somewhat from the strict statements of facts. Subsequent letters show regret for some of his expressions, and altogether the record is a rather interesting illustration of the virtues and foibles of human nature. We take human beings as they are and endeavor to ascertain the facts.

In determining the rights of the parties we "regard the substance rather than the form, and, presuming that all parties intended to act in good faith, will view all of the surrounding circumstances." Altenbrun v. First Nat. Bank, 47 N. D. 266, 181 N. W. 590. If shown that the deed was taken merely as security, it will be regarded as a mortgage to the father. Sherwin v. American Loan & Invest. Co. 42 N. D. 389, 173 N. W. 758.

"When a transfer of real property is made to one person and the consideration therefor is paid by . . another a trust is presumed to result in favor of the person by . . . whom such payment is made." Comp. Laws, § 5365. See Kernkamp v. Schulz, 44 N. D. 20,

176 N. W. 108; Roberge v. Roberge, 46 N. D. 402, 180 N. W. 15; Fox v. Fox, 56 N. D. 899, 907, 219 N. W. 784.

The transaction was had with the son and for the son's benefit. His father was merely his creditor and where the creditor took the title in his own name he held it in trust for the debtor. Currie v. Look, 14 N. D. 482, 106 N. W. 131.

The naked legal title was in the father to protect his interest. This interest was wholly satisfied before the death of the father and the estate holds the title in trust for the defendant, who is the equitable owner of the entire estate, and was so at the time of the death of his father and therefore before the death of his father was entitled to its use and to all of the rents and profits of the real estate. Where the one holding the legal title holds the land in trust for another, the latter holds it in fee simple and is entitled to the possession and to the rents and profits. Gates v. Kelley, 15 N. D. 639, 649, 110 N. W. 770.

We need not consider the question of procedure raised by defendant. Certainly the district court has jurisdiction to determine such an action as this, and plaintiff, having asked for a determination, is bound by it.

In view of this decision it is clear that the action of the trial court was right in dismissing the action. The estate is not the owner of the property nor entitled to the rents and profits sought to be recovered; but this, as pointed out by the trial court, does not in any way affect continuance of the probate proceedings except so far as it reduces the extent of the alleged estate to be administered. The judgment is affirmed.

CHRISTIANSON, Ch. J., and MORRIS and NUESSLE, JJ., concur.