# DANIEL MUELLER, Appellant, v. OCCIDENT ELEVATOR COMPANY, a Corporation, Respondent.

(212 N. W. 830.)

**Judgment — appeal — discretion of court — default judgment.**

> An application to vacate a default judgment is addressed to the sound judicial discretion of the trial court and the Supreme Court will not interfere with the trial court's ruling on such application, unless it is shown that the trial court abused its discretion. In the instant case it is held that the trial court did not abuse its discretion by vacating a default judgment.

Opinion filed March 15, 1927.

Appeal and Error, 4 C. J. § 2825 p. 840 n. 33. Judgments, 34 C. J. § 573 p. 358 n. 99; § 580 p. 364 n. 67.

Annotation.—Discretion of trial court as to refusal of application to vacate default judgment, see 15 R. C. L. 720; 6 R. C. L. Supp. 929.

Appeal from the District Court of Mercer County, *Berry, J.*

Plaintiff appeals from an order vacating a default judgment.

Affirmed.

*Rigler & Halpern,* for appellant.

A litigant applying to the district court for relief from a default judgment must show (1) that he has good defense upon the merits; (2) a reasonable excuse for the mistake, inadvertence, surprise or neglect which occasioned the default; (3) reasonable diligence in presenting the application to vacate after knowledge of the judgment. First State Bank v. Thomas, 54 N. D. 108, 208 N. W. 852.

The negligence of an agent is imputable to the principal and the latter cannot excuse his default by his reliance on the agent unless the agent's negligence was also excusable. Davis v. Steuben School Twp. 19 Ind. App. 694, 50 N. E. 1.

*Sullivan, Hanley & Sullivan* and *Paul C. Kretschmar,* for respondent.

The statutory provisions as to the opening up and vacating a default judgment is intended to enable a party having a reasonable excuse and acting with diligence an opportunity to establish any meritorious defense that he may have, and while such statutory provisions should be liberally construed to the end of promoting justice, relief under it is a matter of sound judicial discretion, and a trial court having passed upon the showing made, its order will not be disturbed unless it appears that there was an abuse of discretion. Croonquist v. Walker, 50 N. D. 388, 196 N. W. 108; Truax v. Alton, 46 N. D. 548, 179 N. W. 992; Farmers & Merchants State Bank v. Stavn, 49 N. D. 993, 194 N. W. 689; Bank v. O'Laughlin, 37 N. D. 548, 164 N. W. 135.

CHRISTIANSON, J. This is an appeal from an order vacating a default judgment. The material facts are substantially as follows: In September, 1925, the plaintiff commenced an action in conversion against the defendant, demanding a judgment in the sum of $300. Summons and complaint in such action were served upon one Loscheider, the manager of the defendant company's elevator at Golden Valley in Mercer county in this state on November 10, 1925. No answer was interposed and on January 4, 1926, the plaintiff applied for judgment by default. Such judgment was ordered. And on Jan-

uary 8, 1926, judgment was entered in favor of the plaintiff and against the defendant by default for damages and costs amounting in the aggregate to the sum of $315. In January 14, 1926, plaintiff's attorney wrote the defendant company at Minneapolis, Minnesota, advising it of the rendition of the judgment and the amount thereof. This letter was received by the defendant company on the day following, and on the same day, to wit, January 15, 1926, its assistant cashier Beggs replied, stating that they were unable to find any record of their having received any summons or other information as regards the alleged action and that he wished he (plaintiff's attorney) would advise them more fully in regard to the matter. On January 22d, plaintiff's counsel replied, stating that the judgment in question was rendered in Mercer county, on January 8, 1926; that it was rendered in a suit involving the purchase of grain subject to a labor lien; that the person for whom the plaintiff performed labor was named Emanuel Mueller; that his postoffice is Golden Valley and that he believed that the defendant's agent at Golden Valley could give further particulars. From the affidavits submitted it appears that upon receipt of this letter and on or about January 30, 1926, said Beggs wrote to Loscheider, the defendant's local agent at Golden Valley, requesting that he give defendant any information he might have in regard to the action; that said agent Loscheider replied that he knew nothing about any such action and that no papers in such action had been served upon him; that thereupon said Beggs wrote all the other grain buyers and local agents of the defendant in Dunn and Mercer counties, asking whether papers in such action had been served upon them and received letters from all of them to the effect that no such papers had been served; that thereupon said Beggs, on behalf of the defendant, requested the firm of Sullivan, Hanley & Sullivan, attorneys at law of Mandan, North Dakota, to investigate the matter; and that shortly thereafter, and on or about the 15th day of March, 1926, Loscheider discovered the copies of summons and complaint in the action, which had been served on him in the fall of 1925 but that he had entirely forgotten that such papers had been served until he found them on or about March 15, 1926, and transmitted them to the defendant's said office in Minneapolis with a statement to the effect that he had just discovered them and had forgotten about their service until he so discovered them. It

further appears from the affidavits that one Kretschmar, one of defendant's attorneys, in the early part of April, 1926, had a conversation with S. E. Halpern, one of the attorneys for the plaintiff, and that in such conversation said defendant's attorney told said Halpern that the firm of Sullivan, Hanley & Sullivan had been retained by the defendant and was about to serve notice of motion to vacate the said judgment; and that said Halpern then and there told said Kretschmar, that S. P. Rigler, who had charge of the action for the plaintiff, was ill and absent in California and would not return until sometime in July, 1926, and said Halpern asked that said motion be not presented until said Rigler returned; that defendant's attorneys consented to this and that the motion to vacate the default judgment was not served until July 10, 1926, after said Rigler had returned to North Dakota. The application to vacate the judgment was supported by the affidavits of Loscheider, defendant's managing agent at Golden Valley, Beggs, the assistant treasurer, and Kretschmar, one of defendant's attorneys, and a verified answer, denying all the allegations of the complaint. The trial court, after due consideration, entered an order vacating the judgment and permitting the defendant to answer and the plaintiff has appealed from such order.

After careful consideration, we have reached the conclusion that the order appealed from must be affirmed. It is well settled that a defendant who seeks to be relieved from a default judgment under § 7483 Comp. Laws 1913, must show: (1) That he has a good defense upon the merits; (2) a reasonable excuse for the mistake, inadvertence, surprise or neglect which occasioned the default; and (3) reasonable diligence in presenting the application to vacate after knowledge of entry of the judgment.

It is conceded that the moving papers show a good defense upon the merits but it is contended that they fail to show a reasonable excuse for the mistake, inadvertence or neglect which occasioned the default; or reasonable diligence in presenting the application to vacate after knowledge of the rendition of the judgment. It is elementary that applications for relief from a default judgment are addressed to the sound judicial discretion of the trial court and that the trial court's ruling upon such applications will not be reversed upon appeal, unless such action was so arbitrary or unreasonable as to constitute an abuse of

judicial discretion. It is equally well settled that the appellate court is more reluctant to interfere with an order granting than with one refusing to vacate a default judgment. The showing made before the trial court was to the effect that the agent, upon whom the papers were served, forgot all about service having been made and failed to notify his principal. The letter which plaintiff's counsel wrote to the defendant, did not inform the company as to which one of its agents had been served with process. On the same day that this letter was received, the defendant company wrote and asked plaintiff's counsel for further information, stating that they were unable to find any record in the Minneapolis office of any suit in which judgment could have been rendered. This letter was written by defendant's assistant treasurer at Minneapolis on January 15, 1926. A week later, viz.: January 22, 1926, plaintiff's counsel answered giving a statement as to the nature of the claim on which the judgment was based and suggesting that further particulars might be obtained from defendant's agent at Golden Valley. The defendant thereupon made inquiry from such agent and was informed that no papers had been served upon him at all. Thereupon inquiry was made from all agents of the defendant elevator company in charge of elevators in Dunn and Mercer counties. These agents all replied to the effect that they knew nothing about any such action and that no papers had been served upon them in the action. Obviously, this all required some time. The defendant company then engaged a firm of attorneys to investigate the matter for it; and, about March 15, 1926, it was informed by its agent at Golden Valley that he had been mistaken when he stated that no papers had been served upon him; that he had just discovered some papers that had been served upon him the preceding fall, but that he had forgotten all about the matter until he found the papers. Shortly thereafter the defendant's attorneys informed one of the attorneys for the plaintiff that they were about to make an application to vacate the judgment. The nature of the conference does not further appear but it is not disputed that Halpern, the plaintiff's attorney to whom this information was given, specifically requested that defendant's counsel delay making such motion until the return of Mr. Rigler who had been in charge of the case. So the delay from the first of April until July was at the request and for the convenience of plaintiff. Whether the defendant showed sufficient excuse

for the neglect which resulted in the default and whether the application to vacate was made with reasonable diligence were primarily questions for the determination of the trial court. This court does not try such questions anew nor is it justified in substituting its judgment for that of the trial court. Its function is merely to review the action of the trial court for the purpose of ascertaining whether the trial court, in making the ruling which it did acted so unreasonably or arbitrarily that it must be said as a matter of law that it abused its judicial discretion; and while the showing made by the defendant in this case is not as strong as might be desired, either as to excuse for the default or diligence in seeking relief therefrom, we do not feel justified in saying that the trial court acted arbitrarily or unreasonably in ruling as it did. We feel rather that the record is such that the trial court might, with entire propriety, have decided the application either way. In other words, the application was such that there was room for the exercise of discretion and judgment in determining whether: (1) The defendant had shown a reasonable excuse for its neglect or inadvertence which resulted in the default; and (2) whether it presented the application for relief with reasonable diligence.

The order appealed from is therefore affirmed; but neither party will recover costs on this appeal.

BIRDZELL, Ch. J., and NUESSLE, BURKE, and BURR, JJ., concur.