C. W. SHERWIN, Respondent, v. AMERICAN LOAN & INVEST- MENT COMPANY, a Corporation, James Grady, and H. C. Aamoth, Appellants.

(173 N. W. 758.)

**Mortgages — absolute deed as security — consideration.**

1. In an action to declare a deed and a contract for a deed, a mortgage, and not a conditional conveyance with the right of repurchase, where it appears that the plaintiff, having become financially embarrassed through the accruing of numerous liens upon his land, and indebted to the defendant by reason of its purchase of some of such liens, made an absolute deed of the land to the defendant, to secure relief, and as a part of the same transaction executed a promissory note for $25,000, representing indebtedness against such land, and received a contract for a deed upon such land, no money consideration passing between the parties, it is *held* that the trial court did not err in determining the transaction to be for purposes of security.

**Mortgages — equity view — redemption — if given as security deed will operate as mortgage.**

2. In such a transaction, equity presuming that all parties intended to act in good faith, and guarding zealously the right of redemption, will search all the surrounding circumstances in order to ascertain the real intention of the parties, and if it clearly appears by satisfactory evidence, that the transaction was intended for purposes of security, the instrument executed will be deemed a mortgage.

**Mortgages — agreement between parties after giving mortgage — "once a mortgage always a mortgage" — right of redemption.**

3. In such action, where the plaintiff subsequently executed a surrender of the contract for a deed and received an agreement in the nature of a lease upon the land, it is *held* that the maxim, "Once a mortgage, always a mortgage," obtains, and that the right of redemption is not terminated in the absence of a new and adequate consideration paid and bona fide accepted.

**Mortgages — amount of mortgage — not ascertained — accounting — claiming deed for security as sale — when pleading and proof of tender is not necessary.**

4. In such action where the amount of the legal indebtedness owing upon the transaction deemed a mortgage is unascertained, and the plaintiff has demanded an accounting to ascertain the same, and the defendant has maintained that the transaction was a sale, it is *held* unnecessary to both plead and prove a tender in order to maintain the action.

**Deed as mortgage — accounting — judgment against officers of defendant corporation.**

5. In such action, where the plaintiff seeks an accounting against all of the defendants, it is *held* that the trial court did not err in ordering judgment against the officers of the corporation.

Opinion filed June 12, 1919.

Action to determine a deed and a contract for a deed to be a mortgage.

From a judgment of the District Court of Barnes County, *Cole,* J., for the plaintiff, the defendants appeal.

Affirmed.

*Winterer, Combs, & Ritchie,* for appellants.

In such cases the courts have, with great uniformity, required the proof that should destroy the recitals of a solemn instrument to be clear, satisfactory, and specific. Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454. See also Larson v. Dutiel (S. D.) 85 N. W. 1008 and cases there cited; McGuiny v. Lee, 10 N. D. 160, 86 N. W. 714.

Before the grantors can compel a reconveyance they must pay or tender to the grantee all of the indebtedness,—"he who seeks equity must do equity." Bank v. Tufts, 14 N. D. 238, 116 Am. St. Rep. 682, 103 N. W. 706, and cases cited; also 2 Current Law pp. 911, 912. Smith v. Jenson, 16 N. D. 408, 114 N. W. 306. See Comp. Laws, § 5819.

"If it appears that the deed was accepted in payment and satisfaction of an existing debt, the agreement for reconveyance on payment of a given sum cannot convert it into a mortgage." 27 Cyc. 1033 and cases cited under note 36. See also the North Dakota case of DeVore v. Woodworth, 1 N. D. 143, 45 N. W. 701. See also 27 Cyc. 1007, 1009, 1010.

"The proof must be clear, convincing, and satisfactory that it was the intention of the parties that the deed was given as a mortgage." Adams v. McIntyre, 22 N. D. 337, 133 N. W. 915; Jasper v. Hazen, 4 N. D. 1, 58 N. W. 455; Little v. Braun, 11 N. D. 419, 92 N. W. 800; Farester v. Van Andem, 12 N. D. 175, 96 N. W. 501. See Miller v. Smith, 20 N. D. 96, 126 N. W. 499.

*W. J. Lorshbough* and *Maddux & Lemke,* for respondent.

"It is well settled that if a deed, though absolute in its face, is given to secure a loan, it is a mortgage, and if it is a mortgage in its inception it will remain such throughout." See N. D. Comp. Laws 1913, §§ 6727, 6729; Higgins v. Farmers Bank, 163 N. W. 522; Niggler v. Maurin, 34 Minn. 122; Fahay v. State Bank (Neb.) 95 N. W. 505; First Nat. Bank v. Sargent (Neb.) 91 N. W. 595; Keeline v. Clark (Wis.) 106 N. W. 257.

To the same effect are People's Bank v. Maxson (Iowa) 150 N. W. 601; McRobert v. Bridget (Iowa) 149 N. W. 906.

In order that a deed and a separate instrument of defeasance should operate together and so constitute a mortgage, it is necessary that they should be executed contemporaneously, and as parts of the same transaction. But this objection is removed where both the deed and the defeasance are made in the performance of, and according to the terms of, one and the same prior agreement. In that case, they are properly regarded as parts of the same transaction, and the defeasance, though executed at a later time than the deed, will relate back to it and convert it into a mortgage. 27 Cyc. 1000, citing: Lovering v. Fogg, 18 Pick. 540; Reitenbaugh v. Ludwick, 31 Pa. 131; Peugh v. Davis, 96 U. S. 337, 24 L. ed. 775.

While the right of redemption may be surrendered, such must be the intention of the parties, and grounded upon a new and adequate consideration. He (plaintiff) could not retain the notes and at the same time claim that defendants had executed a release and had no further rights under the contract. It has been judicially determined that such transactions will be regarded with great jealousy by courts of equity, and will only be sustained if perfectly fair, and for an adequate consideration. Wells v. Geyer, 12 N. D. 316, 96 N. W. 289; Holien v. Slee (Minn.) 139 N. W. 493; Wilson v. McWilliams (S. D.) 91 N. W. 453; Smith v. Jensen, 16 N. D. 408, 114 N. W. 306.

Bronson, J.  This is an action to have a deed, absolute on its face together with the accompanying instruments, deemed and declared to be a mortgage.  The defendants have appealed from the judgment of the district court of Barnes county adjudging the deed to be a mortgage, and providing for the foreclosure thereof and an accounting, and demand a trial *de novo*.

The substantial facts are as follows:

The plaintiff is a farmer.  For over twenty years, in Barnes county, he owned and farmed a section of land which is the subject-matter of this action.  The defendant investment company is a domestic corporation and Messrs. Grady & Aamoth are, respectively, the president and secretary thereof, and the principal stockholders.  The business of the corporation is that of a holding company for real estate.

Prior to the year 1914 the plaintiff had become somewhat financially embarrassed.  The land had become subject to many liens and encumbrances; some of these were in process of foreclosure, or threatened foreclosure.  The plaintiff also had had some domestic difficulties, resulting in a judgment of $4,000 being awarded against him and in favor of his divorced wife.  On December 3, 1913, the defendant corporation purchased from the divorced wife the judgment of $4,000, paying therefor $500.  Theretofore it possessed no interest nor lien upon the lands involved.  At this time the period of redemption was running upon a foreclosure against such land.  There then began between the plaintiff and the defendant corporation and its officers some negotiations with respect to taking care of the indebtedness existing against the land.  The plaintiff's testimony is to the effect that they negotiated concerning methods to be adopted to meet the pressing obligations and concerning arrangements to be made with the defendants to aid him in that regard.  The defendants' testimony is to the effect that they negotiated concerning a prospective sale of the land to the corporation and the resale or release of the same to the plaintiff.  On January 13, 1914, while these negotiations were pending, the defendant corporation purchased a mortgage of More Brothers on such land for about $3,400 at 5 per cent discount.

On January 19, 1914, the defendant corporation redeemed from the foreclosure upon such land of the Fried mortgage for about $3,000.

Finally on January 26, 1914, the plaintiff gave an absolute deed of

the land to the defendant corporation; on the same day he received a contract for a deed from such corporation for such land which provided for a consideration of $25,000 to be paid with interest at 7 per cent per annum, payable through one half of the crop annually, and one half of the net increase in the stock, grown, raised, or fed upon the premises, in an amount not less than $800 each year, at the same time the plaintiff gave a note for $25,000 evidencing the consideration expressed in such contract.

Concerning the judgment, the defendant corporation claims, and its officers testified, that there was nothing said about the satisfaction of such judgment when the deed was given.

At that time the defendant corporation figured that the amount of liens existing against the premises was between $19,000 and $20,000. The officers of the defendant corporation testified in this regard that they paid no money to the plaintiff, that the agreement was that the corporation should pay the mortgages, encumbrances that were against the land, prior to the mortgage foreclosure of the Anton Fried mortgage; that the consideration for such deed was the payment of these different mortgages against the land.

The plaintiff cropped the land in the year 1914, and the defendant company received from such crop as gross returns $1,520.56, and as net returns $1,171.41.

On May 20, 1915, pursuant to negotiations had between the parties and an apparent difficulty resulting from crop settlements, the plaintiff and his second wife signed on the back of the contract for a deed a surrender of the same in consideration of $1 and other valuable considerations therein expressed, and, on the same date, a lead pencil agreement was made by the defendant corporation to the plaintiff, agreeing to lease the land involved for the year 1915 for one third of the crop of grain, hay, and grass seed thereon to the plaintiff, and, further, to satisfy the judgment of $4,000. On August 23, 1915, an agreement in writing was made between and signed by the defendant corporation and the plaintiff, providing for a lease of the land involved during the season of 1915 and the retention of the premises until March 15, 1916, and the reception of one third of the crop, hay, etc., by the plaintiff as his share of the crop for such year. On July 20, 1915, there was executed a written satisfaction of such $4,000 judg-

ment which the defendant corporation claims it delivered, together with the note of $25,000 to the plaintiff at the time this lease was executed on August 23, 1915. The plaintiff denies that the same was so delivered, or received by him. Subsequently, ouster proceedings were instituted against the plaintiff under the unlawful detainer statute, and the plaintiff was ejected from the premises.

In November, 1915, this action was instituted. In May, 1916, an order of the trial court was made to take testimony of parties before the trial, and pursuant thereto in such month of May the evidence of the defendant Aamoth was taken before the clerk as a referee. At that time he testified that there had been paid out moneys by the defendant corporation, including the judgment mentioned, aggregating a total of $25,728.58.

Upon the trial of this action this same witness testified that the actual amount of moneys paid, including recording fees and abstracters' fees, upon liens and encumbrances upon such lands, including the judgment mentioned, aggregated the total of $22,116.55; that the total face value of such claims and liens so paid was $25,799.85.

There are many controverted questions of fact presented in the lengthy record in this case. The trial court has made full findings of fact, determining that the deed in question was in truth a matter of security for the corporation and in fact a mortgage, and that no consideration of any kind passed between the parties in the execution of such deed or the so-termed lease, subsequently made, and adjudging the right of foreclosure to the defendant and the right to an accounting to the plaintiff concerning the entire transaction.

The appellant contends that the plaintiff has wholly failed to establish the deed in question to be a mortgage by such clear, satisfactory, convincing, and specific proof as the well-settled principles of law applicable in this state require, citing Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714, and other later cases.

Further, the appellants contend that, though the deed be deemed a mortgage, nevertheless the surrender of the contract for the deed and the execution of the so-termed lease were based upon a valid and adequate consideration, and operated to terminate any right of redemption possessed by the plaintiff. In the evidence there is a square con-

flict between the testimony of the officers of the defendant corporation and the plaintiff concerning the intentions of the parties in this transaction. It will serve no useful purpose to review at length this controverted testimony. It is sufficient to state that the testimony of the plaintiff is to the effect that the corporation agreed to pay off the indebtedness, including the judgment, if he would give to it a deed and take back a contract, and that such corporation would give to him a deed again when he had paid out to it such indebtedness. That he gave this note for $25,000 named in the contract as an arbitrary amount for the reason that the amount necessary to clear up the indebtedness was not then ascertained, and that such amount could be determined later as they paid such indebtedness.

In transactions of this kind, the essential thing, in equity, is to determine the real intention of the parties. In so doing, equity, presuming that all parties intended to act in good faith, will view all of the surrounding circumstances in order to determine this real legal intention of the parties.

It is true that this intention must be disclosed by clear, convincing, and satisfactory testimony in order to overcome the presumption accorded to a solemn deed absolute on its face.

In this case, however, there is a contemporaneous contract for a deed to the plaintiff. It is undisputed that it was executed on the same day that the deed was made. The defendants claim that this contract was executed in the afternoon and the deed in the morning. Plaintiff claims that they were both executed in the morning. This is deemed immaterial; clearly they were a part of the same transaction.

Accordingly the real question is whether it was the intention of the parties that the plaintiff should have the right to repurchase or the right to redeem.

In Smith v. Jensen, 16 N. D. 408, 114 N. W. 306, the distinction is drawn between the character of proof required when the transaction on its face is an unconditional conveyance, and the situation presented where the transaction was not so intended. That in the latter case, when a controversy exists as to whether the transaction was a mortgage or a conditional sale with the right to repurchase, the same will ordinarily be held to be a mere security transaction, and therefore a

mortgage, where the true character of such transaction is left in doubt by the evidence. Citing Rose v. Gandy, 137 Ala. 329, 34 So. 239.

It appears clearly in the record that the relation of the debtor and creditor existed between the parties prior to the execution of the deed and contract. The plaintiff was financially embarrassed. The defendant was solicitous concerning realizing on the $4,000 judgment which had been purchased for $500. At the time the deed was given, the defendants figured on $19,000 to $20,000 in encumbrances against the property. In fact, the amount of moneys paid by the defendants, in the aggregate up to the time of the trial, is about $2,500 less than the face of the note. At such time the defendants claim that nothing was said about the judgment. No money consideration passed between the parties. Clearly, if it had been the real intention of the parties that the transaction should be considered as a conveyance in fact, there was no reason, on either side, why the judgment of $4,000 should not have been satisfied, on the day the deed was executed. We are satisfied that the evidence fully warrants the conclusion of the trial court that the transaction was for purposes of security and not of sale.

Furthermore, the transaction being deemed a mortgage, the trial court was warranted in holding that the execution of the surrender of the contract and of the so-termed lease did not operate to terminate the right of redemption. Equity zealously guards the right of redemption. No new or adequate consideration is clearly shown in the evidence for the release of such right of redemption. Whatever the indebtedness is which exists between the parties, the consideration, which the defendant offered to show for the release of such right of redemption, formed a part of such indebtedness for which the mortgage existed. The plaintiff denies receipt of such consideration, or any part of it. The maxim, "Once a mortgage, always a mortgage," therefore could be well applied by the trial court with respect to the transaction involved. Wells v. Geyer, 12 N. D. 316, 96 N. W. 289; Clark v. Landon, 90 Mich. 83, 51 N. W. 357. See note in 131 Am. St. Rep. 926.

The appellant further complains that the plaintiff made no tender either by allegation or proof to pay the amount due. The appellant is not in a position so to do. What amount is due on such mortgage is disputed and unascertained, and an accounting has been asked.

The appellant claims that the transaction was a sale, upon such accounting, or upon foreclosure. Equity will protect the appellant. De Leonis v. Walsh, 140 Cal. 175, 73 Pac. 813. The appellant further complains that judgment was rendered by the trial court against the officers of the corporation as well as against the corporation. The trial court did not err in that regard. The plaintiff seeks an accounting, and this may well proceed against the corporation as well as the officers thereof.

The judgment of the trial court should be and hereby is affirmed, with costs to the respondent.

Robinson, J., disqualified, did not participate, Honorable J. M. Hanley, Judge of the Twelfth Judicial District, sitting in his stead.