[File No. 7069]

OLE G. HEIER, Respondent, v. PETER OLSON and County of Williams, otherwise called Williams County, a Municipal Corporation, Defendants, and Peter Olson, Appellant.

(30 NW2d 613)

Opinion filed December 5, 1947

*Walter O. Burk,* for appellant.
*Olaf M. Thorsen,* for respondent.

542

GRIMSON, District J. Plaintiff brings this action to quiet title to some land in Williams County basing his claim on a warranty deed to himself dated April 24, 1924. Defendant claims title to the same land by virtue of tax proceedings. The district court held with the plaintiff and defendant, Olson, appeals.

The plaintiff had failed to pay his 1938 real estate taxes. On December 12, 1939, a tax certificate of sale of the land for said 1938 taxes was issued to Williams County. The 1939 taxes were not paid and a subsequent tax sale certificate was issued for them to the county at the time of the 1940 tax sale. On February 18, 1942, plaintiff paid the 1938 taxes and redeemed from the tax sale held in 1939. All prior and subsequent taxes were paid, excepting for the year 1939.

In May 1944 Williams County started proceedings to obtain tax title to the land involved on default in the payment of the 1939 taxes. The notice of the expiration of the period of redemption, dated May 25, 1944, reads:

"Notice of Expiration of Period of Redemption

State of North Dakota ⎱
                       ⎰ ss
County of Williams     ⎰

Office of County Auditor
Williston, North Dakota

To Ole G. Heier the owner of the record title of the real estate hereinafter described, and to all mortgagees, lien-holders, and other persons interested in said real estate:

I, Morten Mortenson, County Auditor of Williams County, North Dakota, hereby give notice that the real estate hereinafter described, at the annual tax sale held in the county on the 12 of December, 1939, was offered for sale for delinquent taxes against it for the year 1938 and was sold to the county, that subsequent tax sale certificates have been issued to the county for the years hereinafter set forth, that more than three years have expired since the date of each of said tax sale certificates, that *no redemption has been made therefrom, and that the same still are the property of such county,* and unless redemption is made from each of said tax sale certificates on or before October first, after the date of this notice, tax deeds will be issued to the county granting to and vesting in it, the absolute title in fee to said real property, and foreclosing all rights of redemption, and all other rights of the owner, mortgagees, and lienholders and other persons interested therein, as may appear from the records of the Register of Deeds and the Clerk of the District Court of said county. There is given herewith the description of such parcels of real estate, and set opposite each description is the amount which will be required upon the date of the expiration of the period of redemption to redeem such real estate from such *original and each subsequent tax sale certificate* issued to the county, exclusive of the cost of service in this notice.

Said property is described as follows, with the amount required to redeem set out opposite each description, to-wit:

| Subdivision | Section or Lot | Town or Block | Range | Year | Total Amount Necessary to Redeem |
|---|---|---|---|---|---|
| SE | 25 | 159 | 95 | 1939 | $53.94 |
| | | | Int. | | 12.40 |
| | | | Fees | | .50 |

Total ...................................................... $66.84

On August 1st, 1944 the notice of expiration was published in the official paper of Williams County. That notice was of similar content, refers to the 1939 tax sale and gave $66.84 the amount required to redeem and states:

"that said sum includes *the amount for which said land was sold,* together with subsequent delinquent taxes for 1939 and prior years, if any, and interest, penalties and cost of services." Italics are ours.

No redemption was made and on the first day of October the County Auditor issued a tax deed to Williams County covering said premises. The plaintiff, however, remained in possession of the land during 1945. On November 20, 1945, the defendant, Peter Olson, made application at the annual land sale to purchase this land, which was accepted and on January 23, 1946, a County Deed was issued to him by Williams County. Not until after that, when the plaintiff attempted to pay his 1945 taxes, did he become aware of these proceedings. He then commenced this action.

The plaintiff, by the warranty deed conveying these premises to him, showed ownership, which continued unless he had been deprived thereof by the tax proceedings. His continued operation of the land and payment of taxes shows further that he never abandoned the land.

The deed to Williams County covering these premises, issued in the name of the county auditor, as grantor, was void. Buman v. Sturn, 73 ND 561, 16 NW2d 837; Stutsman v. Smith, 73 ND 664, 18 NW2d 639. It does not, therefore, imply the verity of the proceedings necessary to make it prima facie evi-

dence of ownership. Stutsman v. Smith (ND) supra. The burden is upon the defendant to show that title passed through strict compliance with the statutes regulating the securing of a tax title. That is a process by which the owner of land is divested of his property because of his failure to pay his taxes. It is a harsh remedy amounting to confiscation of property. Full opportunity must be given the landowner for redeeming his property before his title can be taken away from him. Biberdorf v. Juhnke, 59 ND 1, 228 NW 233. Jensen v. McHenry County, 59 ND 42, 228 NW 451; Baird v. Zahl, 58 ND 388, 226 NW 549; Mayer v. Ranum, post, 548, 30 NW2d 608, and cases cited.

In Ashenfelter v. Seiling, 141 Iowa 512, 517, 119 NW 984, 985, the Iowa Court states:

"The right and authority of the state to seize and sell valuable property for the payment of a relatively small tax, while necessary, is often so oppressive in its results that we are bound to construe the right of redemption with all reasonable liberality, and hold the person who seeks to foreclose it to a very substantial compliance with all of the provisions which have been enacted for its protection."

In State ex rel. State Bank v. Weiler, 67 ND 593, 275 NW 67, this Court held that:

"Tax titles can be acquired only after full compliance with all the provisions of law intended for the protection of those having the right to redeem."

The statutes providing for the notice of redemption must be construed strictly against the one claiming under a tax title but liberally in favor of the redemptioners. 51 Am Jur 965, Taxation.

The most serious question in these proceedings is with regard to the notice of the expiration of the period of redemption heretofore quoted. The statutory form is followed but the items inserted by the county auditor makes it inconsistent with the facts. It referred to the 1939 sale for the 1938 taxes. The facts show the 1938 taxes had been paid by the plaintiff before the

date of the notice and redemption made from that sale. The reference to this sale of taxes for 1938 was misleading. The notices indicated that the amount required for redemption was the amount for which the land was sold, which was the 1938 tax, as well as for subsequent delinquent taxes. Both the notices refer to the 1938 tax and nowhere is there a statement that it had been paid nor that the tax sale from which redemption is required was from a subsequent tax sale certificate issued in 1940 for the 1939 taxes. To say the least, the notice is confusing and not sufficient to clearly advise the landowner from what year's taxes he was required to redeem. He might well from this notice have inferred that it referred to the 1938 taxes which he had paid so that no further action on his part would be necessary. Or, of the 1938 tax, already paid, was a part of the amount stated, as indicated, then there is nothing in the notice to advise the redemptioner of the amount necessary to redeem from the subsequent tax sale certificates.

The notice of the expiration of the period of redemption must state accurately the amount necessary to make the redemption "in such a way as to leave the matter free from all doubt and uncertainty." 51 Am Jur 966, Taxation, § 1118.

In the case of Eikevik v. Lee, 73 ND 197, 13 NW2d 94, the original tax for which land was sold had been paid and title was attempted to be secured on subsequent tax sale certificates issued to the county. This court said:

"The notice is silent as to the latter certificate which is the only unredeemed certificate appearing in the record. *Clearly a notice reciting that the owner was about to lose his land through a tax sale from which he had made redemption was misleading.*"

Italics are ours.

And the court held that that was one of the defects that made the notice of expiration of the period of redemption fatal to its validity.

The required notice of expiration of the period of redemption is jurisdictional. Werner v. Werner, 74 ND 565, 23 NW2d 757. It must be a notice clearly stating all the statutory requirements without any misleading references so that the land owner is

fully informed and given full opportunity to redeem. In Baird v. Zahl, 58 ND 388, 226 NW 549, supra, this court held:

"Any deviation from the notice prescribed by the statute either in contents or mode of service which has any tendency to mislead or prejudice the rights of anyone having a right of redemption renders the notice ineffective and invalidates the tax deed thereon."

Other defects in the proceeding are claimed. They could not, however, have misled the parties in this case and need not therefore be further considered.

The judgment of the district Court is affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.

MORRIS, J. did not participate, HON. G. GRIMSON, Judge of Second Judicial District, sitting in his stead.