[File No. 7142]

WILLIAM G. MOILANEN, Appellant v. ERNEST MASSILL, Respondent

(39 NW2d 7)

Opinion filed August 26, 1949.

*F. T. Cuthbert,* for appellant.

*Edgar P. Mattson,* for respondent.

MORRIS, J.   This is an appeal from an order of the District Court of Wells County denying plaintiff's petition to set aside an order for judgment in favor of the defendant upon default and to place the case on the calendar for trial.

The facts leading up to and surrounding the default are as follows:   The action was commenced in July 1946 in the Dis-

trict Court of Ramsey County. It was later transferred to Wells County for trial by stipulation of counsel which also extended the time within which the defendant might answer. The defendant's answer and counterclaim were served on September 11, and plaintiff's reply on September 30, 1946. Nothing further was done until July 31, 1947, when the case was noticed for trial by the plaintiff. The case went upon the trial calendar for the regular term of court for Wells County set by rule of the Supreme Court for the third Tuesday in July 1948. No jury was called for that term. All jury cases were left to be tried at a special term to be called in the fall of 1948. On October 5, 1948, the court ordered a special jury term to be held in Wells County beginning at 11 o'clock A. M. on October 20, 1948. The order further provided that "The Clerk of Court is directed to notify all attorneys having cases pending that the Court will open on the 20th day of October 1948 at eleven o'clock A. M., and that the calendar will be called and cases assigned for trial at the call of the calendar at eleven o'clock A. M. on date." Three days prior to the issuance of this order plaintiff's attorney had on October 2, 1948, written to the Clerk of Court of Wells County inquiring whether any jury would be called in that county before January. On October 7, 1948, the Clerk sent plaintiff's attorney a post card advising that a special term would be held on October 20, 1948, at 10 A. M. and that the jury would report at 1:30 P. M.

Plaintiff's attorney, Mr. F. T. Cuthbert of Devils Lake, Ramsey Co., N. D., was also attorney for other plaintiffs in an action against this same defendant, the history of which is parallel to this case and in which a similar appeal is pending. Attorney Cuthbert also had a third case entitled Scofield v. Rexin that was pending in the District Court of Wells County.

Upon receiving the card from the Clerk of the District Court Mr. Cuthbert and his secretary checked the files in his office but on account of an unusual amount of business at that time of year the attorney overlooked the two cases that had been transferred from Ramsey to Wells County upon change of venue and only noted the case of Scofield v. Rexin. He arranged for a continuance of the latter case. He was at that time

State's Attorney of Ramsey County and his civil and criminal business was then unusually heavy.

Attorney for plaintiff in his affidavit and petition for relief states: "That late Friday afternoon, October 22nd, 1948, affiant received a call from the Clerk stating that the case of William C. Moilanen vs. Ernest Massill was on the call of the calendar for the morning; that at that time this affiant was engaged in both civil and criminal cases, with an office full of people; that the statement that it was on call for Saturday morning meant only that it might be one of many cases on call; that early Saturday morning this affiant was engaged with civil and criminal cases but he put in a call for Judge George Thom of the District Court and about eleven o'clock affiant received the response that the Judge had gone to Bismarck but would return Monday; that affiant called the attorney for the defendant, Edgar P. Mattson, Esq., and finally contacted him in the evening and Edgar P. Mattson, Esq., said he had gone over and put in proof and expected to get an order for judgment on his counterclaim;".

Mr. Mattson in his showing resisting plaintiff's petition sets forth that he appeared at the call of the calendar on October 20 and made arrangements with the Clerk of Court to call him and give him two hours advance notice when the case would be called for trial. He lives at New Rockford in Eddy County. The Clerk called him on the evening of October 22nd and advised him to be ready for trial the following morning. The next morning he appeared with his client and witnesses ready for trial. There being no appearance on the part of the plaintiff and the case being called for trial the defendant's attorney waived a jury and proceeded to prove his case. Before hearing the evidence the court inquired of the Clerk whether notice had been given to Mr. Cuthbert to which the Clerk replied: "Yes. Your Honor. He said that he didn't know these cases were on the calendar and I told him they were and that I had notified Mattson and he was to call Mattson up and see if he could make arrangements about continuing them over the term. I am informed by Mattson that he didn't call him up. Cuthbert said he didn't plan on being down here." Mr. Mattson then informed the court that he had received no message from

Mr. Cuthbert. At the conclusion of plaintiff's evidence the court stated that the defendant would have judgment as requested. No formal order for judgment appears to have been entered.

On October 29, 1948, plaintiff obtained from the court an order to show cause why he should not be relieved of his default. After the parties had been heard pursuant to the order to show cause the court on January 6, 1949, issued its order denying the plaintiff relief from the default. From the facts recited by the court in his order it appears: That October 23rd was Saturday and that jury case #3 was continued to Monday, October 25th, because the religious faith of the defendant precluded trial on Saturday. The jury was waived in case #4. That brought Mr. Cuthbert's two cases which were numbered 5 and 6 on for trial on Saturday morning. These cases being disposed of on default of appearance there was no further business for the jury on that day and it was excused until Monday, October 25th, when the trial of case #3 proceeded. This was the last jury case to be tried and at its conclusion the jury was excused from further service.

The application for relief is made under § 28–2901, Rev Code ND 1943. To be entitled to relief under this section the movant must show that the default occurred by reason of mistake, inadvertence, surprise or excusable neglect on his part, that after becoming apprised of his default he acted with reasonable diligence in seeking relief and that he has a good defense on the merits. Croonquist v. Walker, 50 ND 388, 196 NW 108. In this case merit is established by the pleadings and no question is raised with respect thereto. Upon discovering the default the plaintiff acted with diligence. In fact, his action was so prompt that no judgment by default has been entered. The defendant challenges the plaintiff's right to relief on the ground that the showing is insufficient with respect to mistake, inadvertence, surprise or excusable neglect, and it is further argued that the order should not be disturbed in the absence of a showing of abuse of discretion and that no such abuse appears. See Croonquist v. Walker (ND) supra; Madden v. Dunbar, 52 ND 74, 201 NW 991. No fault attaches to the plaintiff himself. He

employed an attorney of known ability and experience. He was entitled to rely upon his attorney to properly handle matters necessary to the ordinary and orderly procedure preliminary to the trial. If the attorney failed to do so, such failure was a surprise to the plaintiff. Citizens' Nat. Bank v. Branden, 19 ND 489, 126 NW 102, 27 LRA NS 858. The default resulted entirely from the neglect and oversight of counsel. The question therefore is whether such neglect is excusable.

Plaintiff's attorney had three cases triable at the special term of the Wells County District Court. Two of them had been transferred to that Court by stipulated change of venue. Plaintiff's counsel overlooked those cases. In the third case he procured a continuance. Up to this point this controversy is much like that in Tooz v. Tooz, 76 ND 492, 37 NW2d 493, in which we held the default was excusable. Thus it appears the failure of plaintiff's attorney to appear or be represented at the call of the calendar is excusable. He first learned that the cases had been set for trial when the clerk called him on the afternoon of October 22nd and advised him that the cases would be tried the following morning. He was then engaged in trials in his home county and it was impossible for him to attend in Wells County at the time set. He attempted to call the defendant's attorney and arrange for a continuance but was unsuccessful in reaching him. He attempted to call the trial judge the following morning but by the time the call went through the judge had left for his home over the week-end. The defendant by that time had proved up his case on default.

The rule that an order made on an application for relief from default will not be disturbed unless it appears that there was an abuse of discretion must be considered and applied in the light of the parallel principles that courts favor the trial of cases upon their merits and that an appellate court is more reluctant to interfere with an order granting than with one refusing relief from a default. Mueller v. Occident Elevator Co. 55 ND 206, 212 NW 830; Tooz v. Tooz (ND) supra.

In Citizens' Nat. Bank v. Branden, 19 ND 489, 126 NW 102, 27 LRA NS 858, supra, it is said:

"Courts favor the trial of cases upon their merits, and, in

a case where a trial court has refused to open a default and permit a defense to be made, the reviewing court will not only inquire as to whether the discretion of the trial court in denying the application has been soundly exercised, but will examine the facts shown for the purpose of determining whether or not, in the interests of justice and right, and under the liberal construction generally given the statute permitting a court to open a default upon a proper showing, the default should not be set aside, and a defense upon the merits permitted."

If the action of the trial court in this instance is permitted to stand, the plaintiffs in two cases will be deprived of trials on the merits without personal fault on their part. Under the circumstances appearing in this record the failure of plaintiff's attorney to attend the trial is sufficiently excusable to require that the defaults be set aside. Westbrook v. Rice, 28 ND 324, 148 NW 827. On the other hand the defendant and his attorney have been put to the inconvenience and expense of appearing in court for trial and presenting their evidence. The plaintiff is therefore entitled to terms. The order from which this appeal was taken will be reversed conditioned upon the payment of terms in the sum of $25.00. Neither party to recover costs on this appeal. It is so ordered.

NUESSLE, Ch. J., and CHRISTIANSON and BURKE, JJ., and GRIMSON, District J., concur.

BURR, J., did not participate.