**David Alden BRINK, Plaintiff and Appellant,**

v.

**Milo B. CURLESS, Defendant and Appellee.**

Civ. No. 8883.

Supreme Court of North Dakota.

July 13, 1973.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for plaintiff and appellant.

Milton K. Higgins, Bismarck, for defendant and appellee.

C. F. KELSCH, District Judge.

This is an action in forcible entry and detainer, brought by the plaintiff to recover possession of certain lots located in the City of Bismarck, together with judgment in the sum of $750 for past-due rentals.

The plaintiff is his complaint claims, in substance:

(1) That he is the owner of lots 17–18–19–20 and the east 40 feet of vacated Otis Street, Suttle's Addition to the City of Bismarck;

(2) That he leased said premises to the defendant, Milo B. Curless, for a rental of $125 a month;

(3) That the plaintiff served a notice to quit upon said defendant and demanded surrender of the possession of said premises and payment of rents, which said defendant has failed and refused to do.

Plaintiff prays for restitution of said premises and judgment in the sum of $750 for past-due rents.

The defendant, Milo B. Curless, in his amended answer, claims in effect:

(1) That he is the owner of all of the premises described in the complaint;

(2) That the plaintiff's claim of ownership is based upon a tax title which is fatally defective for the reasons:

(a) That the notice of expiration of period of redemption served upon him included 1970 taxes, which were not delinquent at the time the notice was issued; and

(b) That the county auditor of Burleigh County failed to make and file an affidavit of proof of service and to attach the original notice of expiration of the period of redemption, the registration and return receipt thereto, as required by Section 57–28–04, N.D.C.C.

He therefore prayed for a dismissal of plaintiff's action with prejudice and costs.

Obviously, the amended answer put in issue the validity of plaintiff's title to said premises and therefore the judge of the county court issued his certificate transferring said action to the district court of Burleigh County for trial for the reason that he had no jurisdiction to try the title to real property.

Before the action was tried upon its merits the defendant, Milo B. Curless, moved the court to substitute J. F. Meckler as a party defendant, whereupon Meckler

deposited the sum of $10,300 in the office of the clerk of the district court of Burleigh County, pursuant to the provisions of Section 57–45–10, N.D.C.C., in order to give him standing to attack the validity of the tax deed proceedings and the county deed issued to the plaintiff pursuant thereto.

The action was tried upon its merits on the 23rd day of March 1972 in the district court of said county, whereupon the trial court held, in effect:

(1) That the county auditor did not strictly comply with the requirements of the controlling statutes and that by reason thereof the notice of the expiration of the period of redemption served upon the record title owner was fatally defective;

(2) That the auditor of Burleigh County failed to make proof of such service by affidavit and to attach the original notice of the expiration of period of redemption together with the registry and return receipts thereto and to file the same in her office as required by law; and

(3) That the tax deed issued to the County of Burleigh was therefore null and void.

Thereafter, on the 11th day of April, the trial court made its findings of fact, conclusions of law, and issued its order for judgment dismissing plaintiff's action upon the merits, with prejudice and costs. Judgment was entered accordingly on the 30th day of June 1972, from which the plaintiff has perfected this appeal within the time and in the manner provided by law.

The appellant's specifications contain six assignments of error, but they present only three specific issues for decision. Precisely stated they are, in effect:

(1) Did the court commit prejudicial error in permitting J. F. Meckler to intervene and to deposit the sum of $10,300 with the clerk of said court before the trial of the action upon the merits was had, to give him standing to attack the validity of plaintiff's title?

(2) Did the auditor of Burleigh County fail to prepare, date, sign and serve a notice of expiration of the period of redemption in the form and to the effect required by Sections 57–28–03 and 57–28–07, N.D. C.C.; and, if so, was the deed executed and delivered by Burleigh County to the plaintiff null and void; and

(3) Did the county auditor of Burleigh County fail to make proof of service of the original notice of the expiration of period of redemption by affidavit and attach said notice, together with the registry and return receipts, thereto, and file the same in her office, as required by Section 57–28–04, N.D.C.C.?

Before we consider the merits of these assignments of error we deem it necessary to set out the material facts established by the undisputed evidence. They are:

(1) That Grace I. Curless, during her lifetime, was the record title owner, in fee simple, of the premises described in the complaint;

(2) That Milo B. Curless claims that the purchase price for said premises was paid out of their joint earnings; and that Grace I. Curless took the title thereto in her own name without his knowledge and consent; and that by reason thereof he was the owner of an undivided interest in said premises;

(3) That Grace I. Curless died intestate on the 5th day of April 1965 and that neither her legal representative nor her heirs at law paid any of the taxes levied and assessed against said premises for the years 1965 to 1969, inclusive;

(4) That said premises were sold at the annual tax sale held December 11, 1966, for delinquent taxes for the year 1965; and that in absence of any other bidders the county treasurer bid said premises in for Burleigh County;

(5) That on June 1, 1970, after more than three years had expired from the time of the said sale, Kathryn Kern, the county auditor of Burleigh County, prepared, dated and signed a notice of the expiration of the period of redemption, in the form prescribed by Section 57–28–05, N.D.C.C., which notice contained a correct description of the premises and stated that the total amount necessary to redeem was the sum of $446.

(6) That on June 8, 1970, the county auditor deposited the notice of the expiration of the period of redemption, addressed to Grace I. Curless at 1030 Airport Road, Bismarck, North Dakota, in accordance with the address shown in the certificate of the register of deeds, in the post office in the city of Bismarck, had the same registered as article # 3647, and requested a return receipt therefor.

(7) That the county auditor received a return receipt, pursuant to her request, bearing article # 3647, signed Grace Curless by M. D. Curless;

(8) That the county auditor did not make proof of service of the original notice of the expiration of period of redemption by affidavit and attach thereto the original notice, together with the registry and return receipts, nor file the affidavit of proof of service in her office, as required by Section 57–28–04, N.D.C.C.;

(9) That neither the administrator of the estate of Grace I. Curless nor any of her heirs at law paid the sum of $446 or any other sum to Burleigh County to effect a redemption of said premises from such tax sale proceedings;

(10) That the plaintiff offered only three exhibits in evidence:

(a) A county deed executed and delivered to the plaintiff on the 1st day of December 1970 upon the payment of the sum of $10,000;

(b) A copy of the original notice of the expiration of the period of redemp-

tion, with the certificate of the register of deeds and clerk of court attached thereto, together with the registry and return receipts and an unsigned affidavit of proof of service;

(c) A letter of the State's Attorney of Burleigh County, dated June 17, 1971, addressed to Kathryn Kern, whose term of office as county auditor expired prior thereto on the first Monday of April 1971.

(11) That neither party to this action offered in evidence:

(a) The original or a true copy of the tax sale certificate, if any was issued, to Burleigh County pursuant to the provisions of Section 57–24–14, N.D.C.C.;

(b) The original or a true copy of the tax deed that was issued by the county auditor to Burleigh County, as authorized by Section 57–28–09, N.D.C.C.; and

(c) The original or a true copy of an affidavit showing the publication of the notice of the expiration of period of redemption for one week in the official newspaper of Burleigh County, as required by Section 57–28–06, N.D.C.C.

Upon this record we deem it necessary to set out the pertinent provisions of our statutes relating to the sale of land for the collection of delinquent taxes and the foreclosure of the equity of redemption, which apply to and are determinative of the issues presented to us for decision.

Our statutes, insofar as are here material, provide in substance:

(1) That the first installment of real estate taxes shall become delinquent on the first day of March and if not paid on or before said date shall be subject to a penalty of two percent. The second installment of real estate taxes shall become delinquent

on October 15th and if not paid they are subject to a like penalty. Section 57–20–01, N.D.C.C.

(2) That the county treasurer shall attend the tax sale and if there are no other bidders the treasurer shall bid for the same in the name of the county and the same shall be struck off and become forfeited to the county. The county shall acquire all of the rights, both legal and equitable, that a person would acquire by reason of a purchase at such sale. Section 57–24–14, N.D.C.C.

(3) That when the county shall become the purchaser of any tract of real property sold by the county auditor for taxes, it shall not be necessary to issue a certificate of sale, but the records in the office of the county auditor showing that such sale was made shall stand in lieu of such tax sale certificate and the county shall be entitled to all of the rights granted to it by law as a purchaser of said property at a tax sale as fully as if a certificate of sale had been issued. Section 57–24–23, N.D.C.C.

(4) That the county auditor shall include in the notice of the expiration of the period of redemption all real estate taxes, where three or more years have expired from the date of the original, or any subsequent, tax sale certificates, issued or deemed to have been issued at the time of the service of such notice, *but such notice shall show separately the amount of delinquent taxes, with penalties and interest, due for each year, and the total amount which is required to be paid to effect a redemption of the real estate from such tax deed proceedings.* Section 57–28–03, N.D.C.C.

(5) That opposite each description of such real estate shall appear the name of the owner of the record title thereof and *the amount which must be paid to redeem from such tax sale before the period of redemption expires* on October 1st following the service of such notice. Section 57–28–02, N.D.C.C. Said sum is to include the amount for which said land was sold, together with subsequent delinquent taxes, with interest and penalties. Section 57–28–07, N.D.C.C.

(6) That the county auditor shall serve the notice of the expiration of the period of redemption upon the record title owner of the real estate so sold to the county for taxes. Said notice shall be served by registered or certified mail and registry and return receipts shall be demanded and filed with proof of service. The auditor shall make proof of such service by affidavit showing the names and addresses of all parties upon whom such notice was served, with the date of mailing in each case, and shall attach the registry, certification and return receipts thereto, and shall file such affidavit and receipts with the original notice of the expiration of the period of redemption. Section 57–28–04, N.D.C.C.

(7) That the failure of the owner to redeem such land before the period of redemption expires shall operate:

(a) To pass all of the owner's title and interest of the owner to the county by operation of law;

(b) To foreclose all right and equities of redemption; and

(c) To waive all errors, irregularities or omissions which do not affect the substantial rights of the parties in tax title proceedings except jurisdictional defects. Section 57–28–08, N.D.C.C.

(8) That tax sale certificates, both original or subsequent, shall be prima facie evidence that all requirements of the law with respect to the sale have been complied with and that the grantee therein is entitled to a deed therefor after the time for redemption has expired. Section 57–24–29, N.D.C.C.

(9) That after the expiration of the period of redemption, the county auditor shall issue a tax deed to the county in the usual form for all real estate which was nor redeemed within the period of re-

demption. Such tax deed shall pass the absolute property in fee to the county, free from all encumbrances whatsoever. Such deed shall be prima facie evidence of the truth of all facts therein recited and of the regularity of all the proceedings from the assessment and valuation of the land by the assessor up to the execution of the deed. Section 57–28–09, N.D.C.C.

(10) That the county auditor, on or before the first day of August of each year, shall serve notice of the expiration of the period of redemption by publication as to all tracts of real estate upon which such notice is served by registered or certified mail. Such notice shall be published once before August 1st in the official newspaper of the county wherein such real estate is situated. Section 57–28–06, N.D.C.C.

Construing these statutes, we have consistently held, in effect:

(1) That a landowner was in duty bound to pay taxes imposed upon his land and was charged with knowledge that if he failed to do so the county would sell the land and acquire title thereto. Mayer v. Ranum, 75 N.D. 548, 30 N.W.2d 608 (1947); Wilson v. Divide County, 76 N.W. 2d 896, 901 (N.D.1956); Cota v. McDermott, 73 N.D. 459, 16 N.W.2d 54 (1944).

(2) That all statutes relating to the acquisition of title to real property by counties through tax deed proceedings must be strictly construed in favor of the owner of the real property. Golden Valley County v. Miller, 57 N.D. 101, 220 N.W. 839 (1928); Goldberg v. Gray, 70 N.D. 663, 297 N.W 124 (1941).

(3) That tax deed proceedings are drastic and every step therein prescribed by statute must be strictly complied with. Failure to do so invalidates the tax deed proceedings and vitiates the tax deed. McDonald v. Abraham, 75 N.D. 457, 28 N.W. 2d 582 (1947); Baird v. Zahl, 58 N.D. 388, 226 N.W. 549 (1929); Anderson v. Roberts, 71 N.D. 345, 1 N.W.2d 338 (1941); Biberdorf v. Juhnke, 59 N.D. 1, 228 N.W. 233 (1930); Mayer v. Ranum, *supra*; Ul-

rich v. Amerada Petroleum Corp., 66 N.W. 2d 397 (N.D.1954); Strom v. Giske, 68 N. W.2d 838 (N.D.1954); Wittrock v. Weisz, 73 N.W.2d 355 (N.D.1955); Payne v. Fruh, 98 N.W.2d 27 (N.D.1959).

(4) That where the jurisdictional requirements of our statutes have been strictly complied with a tax deed issued to the county conveys an absolute fee simple title to the county, free from all encumbrances whatsoever, and vests in the county a new, complete and paramount title under an independent grant from the sovereign authority, which extinguishes all prior titles. Ulrich v. Amerada Petroleum Corp., *supra*; Coverston v. Grand Forks County, 74 N.D. 552, 23 N.W.2d 746 (1946); Conlin v. Metzger, 77 N.D. 620, 44 N.W.2d 617 (1950); Pederson v. Federal Land Bank of St. Paul, 72 N.W.2d 227 (N.D.1955).

(5) That it will be presumed that official duty has been regularly performed; and affirmative evidence is necessary to rebut and to overcome that presumption. Section 31–11–03, Subsection 15, N.D.C.C.; Coulter v. Ramberg, 79 N.D. 208, 55 N.W. 2d 516 (1952); Strom v. Giske, *supra*.

(6) That the burden of proof is upon the party seeking to attack the validity of the tax deed proceedings and of the tax deed issued pursuant thereto and to establish that the tax title is jurisdictionally defective. De Nault v. Hoerr, 66 N.D. 82, 262 N.W. 361 (1935); Peterson v. Reishus, 66 N.D. 436, 266 N.W. 417 (1936).

Considering our statutory provisions in the light of these decisions, to which we adhere, we now reach the first issue submitted to us for decision. That is whether or not the defendants had a sufficient right or interest in the premises involved to give them legal standing to challenge the validity of both the tax deed proceedings had and the issuance of a tax deed to Burleigh County pursuant thereto.

The record shows, without substantial dispute:

(1) That the defendant, Milo B. Curless, moved that his name be stricken out as a

party defendant and that J. F. Meckler be substituted in lieu thereof;

(2) That counsel for plaintiff objected to the substitution, primarily on the ground that Milo B. Curless was in actual possession of the premises, restitution of which was sought by the plaintiff, and that therefore he should remain as a party defendant of record;

(3) That thereafter the attorneys for both parties stipulated that the motion for substitution of J. F. Meckler be withdrawn and that he be added as an additional party defendant;

(4) That thereafter J. F. Meckler deposited the sum of $10,300 in the office of the clerk of the district court of Burleigh County, pursuant to the provisions of Section 57–45–10, N.D.C.C., before the case was tried upon the merits.

The record therefore shows without dispute that counsel for the plaintiff consented to the addition of J. F. Meckler as an additional party defendant.

◼ It is a maxim of jurisprudence that he who consents to an act is not wronged by it. Section 31–11–05, Subsection 6, N.D.C.C. In addition, it is the policy of the law to grant every party a chance to prosecute or defend an action on the merits, where there is no serious fault, gross laches shown, or where substantial prejudice will not result therefrom. Moilanen v. Massill, 76 N.D. 694, 39 N.W.2d 7 (1949); Hagen v. Altman, 79 N.W.2d 53 (N.D.1956); Sioux Falls Const. Co. v. Dakota Flooring, 109 N.W.2d 244 (N.D. 1961).

◼ Consequently, in the absence of any showing of substantial prejudice, we find and conclude upon this record that the defendants had a sufficient interest in the subject matter of this action to give them legal standing to challenge the validity of the tax deed proceedings, the tax deed issued to the county, and the county deed obtained by the plaintiff from the county upon the purchase of the premises involved herein.

This brings us to the second and crucial issue presented to us for decision. That is, whether the county auditor of Burleigh County failed to prepare, date, sign and serve a notice of the expiration of the period of redemption in the form, substance, and to the effect prescribed by Sections 57–28–03 and 57–28–07 of the North Dakota Century Code.

To decide this question we must consider our applicable statutes and decisions as we have construed them, and we must apply the same to the undisputed facts established by the evidence, to determine the legal sufficiency of the tax deed proceedings had in this action.

Testing the legal sufficiency of the tax deed proceedings and the validity of the tax deed issued pursuant thereto, we find and determine:

(1) That on June 1, 1970, when the auditor prepared, signed and mailed the notice of the expiration of the period of redemption, evidenced by plaintiff's exhibit # 2, the real property taxes for the years 1966, 1967, 1968, and the first installment of the 1969 taxes were then due and delinquent.

(2) That the notice of the expiration of the period of redemption issued and served by the county auditor (plaintiff's exhibit # 2) is deficient in two essential requirements:

(a) That it does not show separately the amount of the delinquent taxes, with penalty and interest, due for each of the years of 1966 to 1968, inclusive, and the first installment for 1969, as specifically required by Section 57–28–03, N.D.C.C.; and

(b) That it does not correctly state the total amount of money required by law to redeem said premises from the tax sale made on December 11, 1966, as required by Section 57–28–07, N.D.C.C.

(3) That the provisions of the aforesaid sections are clear and specific and free from any doubt or ambiguity in meaning. They specifically require the auditor to include not only the amount for which the land was sold at the tax sale but also all subsequent delinquent taxes with penalties and interest for the years 1966 to 1968, inclusive, and the first installment for the year 1969, which the auditor did not include in the original notice of the expiration of the period of redemption.

Counsel for appellant strenuously contends, however, in effect:

(1) That the permission granted by the county auditor to make a partial redemption by the payment of $446 was not prejudicial but highly beneficial to the record title owner thereof or to her successors in interest;

(2) That the county deed (plaintiff's exhibit # 1) constitutes prima facie evidence of the truth of all of the facts recited therein and of the regularity of all of the proceedings had from the assessment and valuation of the land by the assessor and up to the execution of the tax deed to the county;

(3) That the errors, mistakes or omissions of which the respondents complain did not affect the substantial rights of the record title owner of the premises in issue and must therefore be deemed to have been waived.

We disagree. We believe and find that these contentions are devoid of merit, for the reasons:

(1) That even before the enactment of Chapter 286, Session Laws of 1941, we held that:

"* * * permissive partial redemption does not eliminate the requirement that when tax proceedings are taken for the forfeiture of the property all subsequent taxes then due and delinquent shall be included in the notice of expiration of

period of redemption." Elms v. Olson, 81 N.W.2d 117, 119 (N.D.1957).

■ (2) That we are satisfied that the right to make a partial redemption was clearly eliminated by the enactment of said chapter because it expressly provided that the amount which must be paid to redeem must include not only the amount for which the land was sold but in addition thereto all subsequent taxes with penalty and interest which were due and delinquent at the time the notice for the expiration of the period of redemption was served.

(3) Manifestly the original notice of the expiration of the period of redemption, prepared and served by the county auditor (plaintiff's exhibit # 2), which is binding upon him, did not conform to or contain a statement of the facts required by Section 57–28–03, N.D.C.C.

(4) That we have consistently held that the service of the notice of the expiration of the period of redemption in the form, substance and kind prescribed by statute is jurisdictional. Hodges v. McCutcheon, 72 N.D. 150, 5 N.W.2d 83 (1942); Werner v. Werner, 74 N.D. 565, 23 N.W.2d 757 (1946); Heier v. Olson, 75 N.D. 541, 30 N.W.2d 613 (1947).

■ (5) That it is elementary that where the powers and duties of an officer are prescribed by the Constitution and statutes, such powers and duties are measured by the terms and necessary implication of such grants and must be exercised in accordance therewith. Kopplin v. Burleigh County, 77 N.D. 942, 47 N.W.2d 137 (1951); Permann v. Knife River Coal Mining Co., 180 N.W.2d 146 (N.D.1970); De Shaw v. McKenzie County, 114 N.W.2d 263 (N.D. 1962); Steen v. Fay, 66 N.W.2d 528 (N.D. 1954).

■ (6) That the Legislature used the words "shall" and "must" in Sections 57–28–03, 57–28–04, and 57–28–07, N.D.C.C. We are satisfied that these words were

clearly used in a mandatory and not in a permissive sense, because we have specifically held that the general rule is: "that the word 'shall' is to be construed as mandatory when used in statutes designed to enforce collection of a tax or to divest the owner of his property for failure to pay the tax. * * *" Vetter v. Benson County, 81 N.W.2d 758, 759 (N.D.1957).

This rule is clearly applicable to and decisive of the interpretation of the provisions of our statutes referred to herein, because they were enacted for the collection of delinquent taxes and the divestiture of the owner of his property by the termination of his right of redemption.

We therefore hold that the performance of the duties imposed upon the county auditor therein are not permissive but mandatory.

(7) Counsel for appellant erroneously assumes, however, that the county deed issued to the plaintiff upon the purchase of the premises in issue constitutes prima facie evidence that all the facts recited therein are true and of the regularity of all proceedings up to and including the issuance of the tax deed to the county. That is not the law in this State. No such presumption arises from the issuance and delivery of a county deed to the plaintiff as grantee because we have specifically held that, " 'The law does not provide that the county shall agree to convey a valid title in fee simple. It provides that the county shall agree to convey and that it shall convey only "all right, title, and interest of the county in and to such property." ' " Kopplin v. Burleigh County, 77 N.D. 942, 47 N.W.2d 137 at 140 (1951).

We adhere to the rule established in *Kopplin* and therefore hold that the presumption, "that official duties have been irregularly performed," does not apply where, as here, the record shows affirmatively that the county auditor has failed to comply strictly with the mandatory and jurisdictional provisions of our statutes.

Measuring the powers and duties of the county auditor in the light of these principles of law, we find and determine that the county auditor had no authority: (1) to waive strict compliance with the jurisdictional requirements of our statutes; (2) to permit a partial redemption to be made by the payment of the sum of $446; or (3) to receive and accept any sum less than the amount required to be paid by the mandatory provisions of our statutes to effect the redemption of said premises.

This brings us to the third and final issue raised by the respondent. That is, whether the failure of the county auditor to make the proof of service by affidavit and to attach thereto the original notice of the expiration of the period of redemption, together with the registry and return receipts, and file the same in her office, as required by Section 57–28–04, N.D.C.C., is jurisdictional.

The record upon this issue shows beyond reasonable dispute that the county auditor:

(1) Did not make an affidavit of proof of service of the notice of the expiration of the period of redemption;

(2) Did not attach the original notice of the expiration of the period of redemption so served thereto;

(3) Did not attach the registry and return receipts to such affidavit; and

(4) Did not file such affidavit, with such instruments attached thereto, in her office.

Counsel for appellant does not dispute this record but claims, in effect:

(1) That there is a basic difference between the fact of service and the proof thereof; and that the notice of the expiration of the period of redemption was served in the manner prescribed by law, as evidenced by the registry receipt and return receipt attached to exhibit #2; Remmich v. Wagner, 77 N.D. 120, 41 N.W.2d 170 (1950).

(2) That Section 57–28–04, N.D.C.C., does not fix or limit the time within which the affidavit of proof of service must be made and filed in the auditor's office;

(3) That in the absence of a specific time limit, the auditor who prepared and served such notice can make and file an affidavit of proof of such service, even after his or her term of office has expired; and

(4) That the failure of the county auditor to make and file an affidavit of proof of service is an error, irregularity or omission which is expressly waived by the failure of the owner to redeem his lands from the sale for delinquent taxes under the provisions of Subsection 3 of Section 57–28–08, N.D.C.C.

▮ We find and agree that the documentary evidence adduced by the plaintiff is sufficient to prove that the notice of the expiration of the period of redemption was in fact served on the record title owner in the manner prescribed by law; but we disagree with the remainder of the appellant's contentions because they are legally unsound and untenable.

Manifestly, the question whether or not the requirement in Section 57–28–04, N.D.C.C., that the county auditor shall make and file proof of service by affidavit with the necessary documents to be attached thereto is jurisdictional is clearly one of statutory construction, which requires us to inquire into the legislative purposes and reasons for such requirement.

We must therefore interpret the provisions of said section in the light of the controlling principles of law and our decisions applicable thereto.

They are:

▮ First, that the county auditor is a ministerial officer and has only such powers and duties:

(1) As are expressly or impliedly conferred upon him by statute; and

(2) Which are reasonably necessary to carry into effect the powers and duties delegated to him. Patton v. Cass County, 13 N.D. 351, 102 N.W. 174 (1904).

▮ Second, that where, as here, the meaning and legal effect of a statute is challenged, we interpret it in the light of the canons of statutory construction and general rules which apply thereto providing:

(1) " * * * that, when a law prescribes one mode of exercising an express power or privilege, it implies an inhibition to exercise the given power in any other way." Divide County v. Baird, 55 N.D. 45, 212 N.W. 236, 242 (1926).

(2) That " 'When the law is in the affirmative that a thing should be done by certain persons or in a certain manner, this affirmative matter contains a negative that it shall not be done by other persons or in another manner.' 26 Am. & Eng. Enc.Law, p. 605". Ferderer v. Northern Pacific Ry. Co., 75 N.D. 139, 26 N.W.2d 236, 241 (1947).

▮ Under these rules, only the county auditor and he or she alone is authorized to make and file the affidavit of proof of service, while acting in an official capacity and during his or her term of office, and by no other person and at no other time.

▮ Third, that the failure of the Legislature to fix or limit the time within which proof of service by affidavit must be made and filed does not dispense with the necessity thereof, for it is elementary that, where the statute is silent with respect to the time within which an official act must be performed, the law contemplates that such duty must be performed within a reasonable time. Dockter v. Sheridan County, 72 N.D. 607, 10 N.W.2d 485 (1943).

■ Fourth, we believe and find that the answer as to what constitutes a reasonable time for the filing of an affidavit of proof of service appears in Sections 57–27–03 and 57–27–05, N.D.C.C.

The former provides in part:

"Proof of service of the notice of the expiration of the period of redemption must be filed in the office of the county auditor, *and no deed shall issue until such proof has been filed.* * * *" . [Emphasis added.]

The latter declares that:

"At the expiration of the period of redemption, and *after the filing of the proof of service of the notice of expiration of such period, the county auditor * * * shall execute to the owner of the certificate * * * in the name of the state, a deed of the land remaining unredeemed,* which shall vest in the said certificate owner * * * an absolute estate in fee simple in such lands, * * *" [Emphasis added.]

■ It is elementary in this State that all statutes relating to the same subject matter must be construed together to harmonize the same and to give full force and effect to the true legislative intent thereof. Wallentinson v. Williams County, 101 N.W. 2d 571 (N.D.1960); First American Bank & Trust Co. v. Ellwein, 198 N.W.2d 84 (N.D.1972).

We do not believe that the Legislative Assembly intended to prescribe two different standards or rules to govern the termination of the right of redemption of lands sold for delinquent taxes, one to apply where the land is purchased by a private person and another to apply where, as here, the land is bid in for the county.

Fifth, that in construing similar statutes relating to the foreclosure and termination of the right of redemption from tax sale proceedings we have held:

(1) "In this case no proof of the service and the filing of the notice of expi- ration of the redemption period was offered. * * * it is only when accompanied by proof of service and filing of the notice of expiration of redemption that it becomes evidence of title, and the burden is upon the person asserting title under the certificate to prove that such notice has been duly served and filed." Cruser v. Williams, 13 N.D. 284, 100 N.W. 721, 722 (1904).

(2) "Service of notice of expiration of redemption, and filing of proof thereof with the clerk of the district court, is essential to terminate the redemption period. * * * and until service is made and proof filed . the certificate, whether held by an individual or by the county, does not ripen into title." Darling v. Purcell, 13 N.D. 288, 100 N.W. 726, Syllabus ¶ 6 (1904).

■ Sixth, that the right of redemption is a valuable property right and "Equity zealously guards the right of redemption". Sherwin v. American Loan & Investment Co., 42 N.D. 389, 173 N.W. 758, 761 (1919).

Seventh, there is another sound and compelling reason which justifies and sustains our conclusion that the requirements of Section 57–28–04, N.D.C.C., are mandatory and jurisdictional and that is without such a record it would be absolutely impossible for any person who had the right to redeem or a prospective purchaser to ascertain whether the notice of the expiration of the period of redemption in the form and to the effect prescribed by statute, which we have held to be jurisdictional, was in fact given and served in the manner prescribed by law or whether the tax deed proceedings and tax deed issued thereon were valid or void.

Construing Section 57–28–04, N.D.C.C., in the light of these principles of law and the reasoning of this court in *Cruser* and *Darling,* which we think is sound and equally applicable and decisive of the ques-

tion here in issue, we therefore conclude and determine:

■ (1) That the affidavit of proof of service of the original notice of the expiration of the period of redemption with the necessary documents attached thereto is jurisdictional and must be filed with the office of the county auditor before a tax deed can be issued to the county; and

■ (2) That said requirement must be strictly complied with, and until the affidavit of proof of service is so made and filed, the right of redemption is not cut off or terminated.

Finally, counsel for the appellant strenuously insists, in effect, that the judgment of the trial court is unsound and erroneous and should be reversed because the final or ultimate test of the validity of tax proceedings is not whether the county auditor has strictly complied with the mandatory or jurisdictional requirements of our statutes, but whether the errors, mistakes, irregularities or omissions complained of have been prejudicial to the substantial rights of the parties; and that in the absence of any affirmative proof of substantial prejudice the validity of the tax proceedings must be sustained.

We perceive nothing in our statutes, decisions, and in this record that warrants or justifies us in departing from or overruling our prior decisions in order to subscribe to or approve the principle that proof of substantial prejudice must be established before the court can strike down or nullify any tax deed proceedings or a tax deed issued pursuant thereto.

We are convinced, however, that sound public policy requires certainty, consistency and adherence to the basic principles of law established by our prior decisions.

We therefore finally conclude and determine:

■ (1) That since tax deed proceedings are drastic in nature, strict compliance with the mandatory and jurisdictional requirements is imperative to sustain the validity thereof.

■ (2) That the provisions of Sections 57-28-03, 57-28-04 and 57-28-07, N.D.C.C., are mandatory and jurisdictional.

■ (3) That errors, mistakes or omissions which are jurisdictional in nature or which affect the substantial rights of the parties are not waived by the owner's failure to redeem his land from the sale for delinquent taxes where the original notice of the expiration of the period of redemption served upon him is fatally defective.

■ (4) That the county auditor of Burleigh County failed to strictly comply with the mandatory and jurisdictional requirements of our statutes set forth herein and that by reason thereof the tax deed proceedings had herein and the tax deed issued thereon are null and void.

■ It necessarily follows from these conclusions that since Burleigh County did not acquire a new, valid and complete title, in fee, from the sovereign, it obviously could not convey to the plaintiff that which it did not possess. Wittrock v. Weisz, *supra*, 73 N.W.2d 355 (1955).

■ Therefore, the title to the premises involved herein remains in the record title owner or her successors in interest as though no tax deed proceedings had been had at all. Anderson v. Shelton, 92 N.W.2d 166 (N.D.1958).

It must be self-evident from what we have said and the conclusions we have reached herein that the judgment of the district court dismissing the plaintiff's cause of action upon the merits is right, and therefore the same must be and is hereby affirmed.

ERICKSTAD, C. J., and KNUDSON and PAULSON, JJ., concur.

TEIGEN, J., deeming himself disqualified did not participate; C. F. KELSCH, Judge of the Sixth Judicial District, sitting in his place.