[File No. 7241]

WILLIAM KERSHAW and Lucy Kershaw, Respondents, v. BURLEIGH COUNTY, North Dakota, a Public Corporation, Appellant.

(47 NW2d 132)

Opinion filed March 21, 1951.   Rehearing denied April 5, 1951

*George S. Register,* State's Attorney, *James A. Hyland,* Assistant States Attorney and *C. E. Brace,* Assistant Attorney General, for appellant.

*Cox, Cox, Pearce & Engebretson,* for respondents.

NELSON, Dist. J. This is an action to determine adverse claims. On October 1, 1940, defendant county acquired by virtue of an Auditor's Tax Deed issued to it for non-payment of the taxes levied and assessed thereon for the year 1929, the Northeast Quarter of Section Eleven, Township One Hundred Forty, Range Seventy-eight, Burleigh County, North Dakota, and, on October 1, 1942, acquired in like manner the East Half of the West Half of Section Twelve in said township and range for non-payment of the. taxes for the year 1933. The tract first above described was purchased from the county by plaintiffs on September 4, 1941, and the other tract was purchased by them

on June 21, 1943, both tracts being purchased at private sale under the provisions of Sec 57–2817 NDRC 1943. Both tracts were conveyed to plaitniffs by separate county deeds dated February 15, 1945. Neither of the purchasers had previously owned any part of the premises described in such deeds. Plaintiffs brought this action against the county as sole defendant. The county answered setting up a claim to fifty percent of all oil, natural gas, or minerals on or underlying said lands, basing its claim on the provisions of Sec 11–2704 NDRC 1943, which originated as a part of Chap 136 Laws of 1941. Plaintiffs claim title to all of the lands, including all oil, natural gas, or minerals on or underlying said premises by virtue of the deeds issued to them by the county pursuant to the provisions of sub-section 5, of Sec 57–2815 NDRC 1943, which originated as a part of Chap 286 Laws of 1941. The deeds from the county to the plaintiffs contained no reservations of any kind. The case was tried to the court without a jury on stipulated facts which included certified copies of the deeds from the county to the plaintiffs above referred to. The district court rendered judgment quieting title in plaintiffs, holding defendant had no interest in or claim to any part of the oil, natural gas, or minerals, on or underlying said premises by virtue of the statute first above cited. Defendant appealed from the judgment, assigning as error the disallowance of its claim to the stated percentage of the oil, natural gas, or minerals on or underlying said premises, and demands a trial de novo in this court.

The two statutes above cited are in irreconcilable conflict. Sec 11–2704 under which defendant claims is as follows: "Upon the sale of any lands by the county, whether such lands were acquired by tax proceedings, deed, quit-claim deed, or by any other method and whether such lands are transferred by the county by deed, contract, or lease, there shall be reserved to the county transferring each tract of land fifty percent of all oil, natural gas, or minerals which may be found on or underlying the land. Any transfer, deed, or lease which does not contain such reservation shall be construed as if such reservation were contained therein. This section, however, shall not apply to any

lands redeemed by the former record owner thereof within one year after the date upon which the county acquires title thereto."

Sub-division 5 of Sec 57–2815, pursuant to which the two deeds to plaintiffs were issued, provides: "Upon the payment of the purchase price in cash, or the payment in full of all installments, with interest to the date of payment, the county shall execute and deliver to the purchaser a deed conveying to him all right, title, and interest of the county in and to such property."

It will be noted that the conflict arises because Sec 11–2704 provides for a reservation of fifty percent of all oil, natural gas, or minerals on or underlying *any* land sold by the county, whereas, Sec 57–2815 is mandatory that the county in conveying land acquired for non-payment of taxes must convey *all* of its right, title and interest therein to the purchaser.

The two statutes involved herein were enacted at the same session of the legislature and were both considered by this court in the case of Adams County v. Smith and Dakota Collieries Co., 74 ND 621, 23 NW2d 873, where, in tracing their history through the legislature and their enactment into law, the court said: "There being apparent conflicts between statutes enacted by the same legislative assembly the chronological order of their enactment becomes of major importance. An examination of the legislative journals of the 1941 Session discloses the order in which the various statutes under consideration were passed and approved by the Chief Executive." Both acts "were emergency measures and, therefore, became effective upon their passage and approval. Section 67 ND Constitution. . . . Ch 136 was enacted as House Bill 123. It was passed by the House February 21, by the Senate March 5 and approved by the Governor March 14. Ch 286 was enacted as Senate Bill 205. It was passed by both the Senate and the House on March 7 and signed by the Governor on March 15."

The facts in the case of Adams County v. Smith, supra, as they relate to these two statutes are not materially different from the facts in the case at bar. In that case the county sold at private sale, land that had been forfeited to it for non-payment of taxes, and conveyed the same to the purchaser by a

county deed which contained no reservation of any kind. The purchaser prospected for and found underlying the surface of the land purchased considerable quantities of coal which he sold on a royalty basis. The county later brought suit in an effort to recover from the purchaser one-half of the royalty he received, basing its claim on the reservation provided for in Sec 11–2704. The court held that the county was not entitled to any part of the royalty, because Chap 136 Laws of 1941, providing therefor had been repealed by the enactment of Chap 286 Laws of 1941, so far as the prior act purported to reserve to the county fifty percent of all oil, natural gas, or minerals on or underlying lands sold by it, which it had acquired for non-payment of taxes. In reaching its conclusion the court said:.

"Although statutes passed at the same legislative session must, if possible, be construed together and effect given to each, nevertheless, if there be an irreconcilable conflict, it will be presumed that the legislature intended that the earlier statute should give way to the later. Buttorff v. York City, 268 Pa 143, 110 A 728; Com. ex rel Matthews v. Lomas, 302 Pa 97, 153 A 124, 74 ALR 481. In the latter case the court said '. . . , there is nothing to prevent the Legislature, if it sees fit, even during the same session, from changing its mind with respect to a particular subject of legislation, and, if the two acts are in irreconcilable conflict and cannot stand together, then the earlier must give way to the later.'"

The defendant does not seriously challenge the correctness of the holding in the above case but contends it has no application here because when the events giving rise to the decision in that case took place North Dakota Revised Code of 1943 had not been adopted, that the case was decided while Chapters 136 and 286, Laws of 1941, were in effect, and that the adoption of the code, which took effect January 18, 1945 (Sec 1–0235 NDRC 1943, and Governor's Proclamation following title page Vol. 7 NDRC 1943) served to re-enact Chap 136 Laws 1941 as Sec 11–2704 and Chap 286 Laws 1941 as Sec 57–2815. Counsel for defendant contend that through this process of codification these statutes lost their historical rank, or, at least, that these sections of the code upon codification were simultaneously re-enacted.

Plaintiffs rely on the holding of this court in the case of Adams County v. Smith, supra, and the statutes therein considered.

The first question for determination is whether Sec 11-2704 is in fact a later statute than Sec 57-2815 by reason of the adoption of North Dakota Revised Code of 1943, or, whether the two statutes are of equal rank so far as the time of adoption is concerned. As previously noted we are here concerned with two irreconcilable statutes carried into the codified law. Statutes do not lose their historical rank or status through the process of codification. "The general presumption obtains that the codifiers did not intend to change the law as it formerly existed." State v. Prater, 48 ND 1240, 189 NW 334. "The general rule is that where two inconsistent statutes are carried into the codified law, the one last passed, which is the later declaration of the legislative will, should prevail, . . ." 50 Am Jur 471, Sec 457. In Ramsey v. Leeper, 168 Okla 43, 31 P2d 852-860, in passing on this question the court said:

"Another point that must not be overloked is the effect, if any, of the incorporation of both of these statutes in the Revised Laws of 1910. It has been many times held in this jurisdiction that the adoption of the Revised Laws of 1910 amounts to a re-enactment of the law therein included. Barnett v. Barnett, 158 Okl 270, 13 P2d 104; Quick v. City of Fairview, 144 Okl 231, 291 P 95; Herndon v. State, 16 Okl Cr 586, 185 P 701.

"The question then arises, Does this re-enactment of the statutes by the adoption of the Revised Laws of 1910 destroy the importance of the fact that one was passed subsequent to the other? Does it render the two statutes coequal in point of time as an expression of the legislative will? The true rule applicable to this situation is concisely stated in 59 CJ at page 1101, par 649, wherein it is said: 'The different sections should be regarded, not as prior and subsequent acts, but as simultaneous expressions of the legislative will; but where every means of reconciling inconsistencies has been employed in vain, the section last adopted will prevail, regardless of their relative positions in the code or revisions.'

"And again in 25 RCL p 1012: 'The place assigned to a stat-

ute in a compilation cannot control the plain meaning expressed in the statute itself. Where there are two conflicting sections of a general compilation or code of statute laws, that section should prevail which is derived from a source that can be considered as the last expression of the law making power in enacting separate statutes upon the same subject, regardless of the order in which they are placed in the compilation.'

"It likewise appears that the Legislature of this state which authorized and adopted the Code intended that the history of the various provisions therein incorporated should continue to be an important element in determining the proper construction to be given in case of conflict. It was provided by that Legislature that the Code should be annotated. SL 1910–11, c 88, p 192, and specifically provided that: 'Historical annotations showing the source and history of each section' should be incorporated therein. Thus it appears that, notwithstanding the re-enactment of both of these sections in the Revised Laws of 1910, the history of their enactment by previous legislatures continued to be a controlling factor in determining the meaning in case of conflict."

The provision for historical annotation, showing the source and history of each section, quoted in the preceding paragraph, is also found in substantially the same language in the statute providing for codification of the laws of this state. Chap. 189 Laws of 1943 declared what the printed volumes of the North Dakota Revised Code of 1943 should contain, Sec 2 thereof providing, among other things that "Following each section shall be inserted a source note showing the origin and history of each section." The legislature of this state, by the above enactment, indicated clearly that the prior history of the statutes incorporated in the codification might be consulted as an aid to their interpretation. This in harmony with Sec 1–0225 NDRC 1943 which provides that "The provisions of this code, (North Dakota Revised Code of 1943) so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments."

In Hines v. Harmon, 178 Okl 1, 61 P(2d) 641 the court said:

"It is also the contention of plaintiffs in error that both of these statutes, having been brought into the Revised Statutes of 1910, have an equal status as having been simultaneously passed. The authorities do not sustain this contention but hold to the contrary. 59 CJ 928; 25 RCL 925; Wright v. Oakley, 5 Metc (Mass) 400; Scheftels v. Tabert, 46 Wis 439, 1 NW 156; State v. Wimpfheimer, 69 NH 166, 38 A 786; Commonwealth v. McNamara, 93 Pa Super 267; Jessee v. DeShong (Tex Civ App) 105 SW 1011; State v. Prouty, 115 Iowa 657, 84 NW 670; Pratt v. Swan, 16 Utah 483, 52 P 1092; State v. Ward, 328 Mo 658, 40 SW2d 1074; Hillsborough County Commissioners v. Jackson, 58 Fla 210, 50 So 423, 424, 138 Am St Rep 110, 19 Ann Cas 148; Adkins v. Arnold, 235 US 417, 35 S Ct 118, 119, 59 L ed 294."

These holdings were reaffirmed in Ex parte Burns, 88 Okla 270, 202 P2d 433. See also: Arkansas City v. Turner, 116 Kan 407, 226 P 1009; City of Wichita Gas Co., 126 Kan 764, 271 P 270.

The rule of law stated in the foregoing cases with reference to the subject of this inquiry is, we believe, the correct rule and is supported by a large number of cases from other jurisdictions. We hold that where irreconcilable provisions have been carried into the codification of the laws of the state and all other guides for ascertaining the legislative will are lacking, resort may be had to the chronology and history of the statutes incorporated in the codification as such statutes existed prior thereto to aid in their interpretation.

Defendant contends that the legislation embraced in Sec 11–2704 is special in nature and that that embraced in Sec 57–2815 is general and hence that the former statute takes precedence over the latter. Sec 1–0207 NDRC 1943 provides that: "Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

The above statute is applicable here but not in the manner counsel for defendant seeks to apply it. Where the principle applies it is only necessary to determine which statute relates to a general provision and which statute relates to a special provision. That determination has already been made as to the two statutes here involved by this court in the case of Adams County v. Smith, supra, where the same issue was before the court and where it was resolved against counsel's contention. In disposing of the question the court said:

"Our consideration now moves to the conflict existing between Ch 136 and Ch 286. The chronology of these statutes indicates that Ch 286 is the later enactment and to that extent stands in a favored position. This position is further strengthened by the nature of the enactments and the subjects covered thereby. Chapter 136 purports to apply to all transfers of land made after its effective date by any county of the state regardless of the method by which the land was acquired by the county. To that extent it is general in its nature and provides for a reservation of certain deposits which may be found on or underlying such land. It impresses a reservation upon each transfer regardless of whether the reservation is expressed in the conveyance.

"Chapter 286 deals exclusively and comprehensively with tax titles acquired by the county. It is not an amendment of a former act. It is a new law dealing fully with a specific subject. It expressly repeals Ch 235 and Ch 238 of the Session Laws of 1939. While it embodies many of the features and much of the language of those acts its also embraces many changes and much new material. With reference to the conveyance of land acquired by tax deed proceedings it provides that the deed given to the purchaser is one conveying all right, title and interest of the county and prescribes a form of deed containing no reservation. . . .

"Where, as in this case, a statute dealing comprehensively and exclusively with a special subject is in irreconcilable conflict with a prior and more general enactment, the later and more specific statute prevails."

Defendant further contends that the deeds issued by the county to the purchasers, the plaintiffs herein, are not in statutory form, plaintiffs not having purchased at public sale; that no form of deed is prescribed by statute for use by the county when conveying lands sold at private sale by the county auditor, hence the purchaser cannot rely on the terms of the deed, the reasoning being that where no form of deed is prescribed the reservation provided for in Sec 11-2704 automatically becomes a part of the deed by virtue of the statute.

The deeds issued by the county to the plaintiffs were the same except for amounts, description of the premises and dates of sale. The one covering the premises first above described, so far as material here, is as follows:

"WHEREAS, Said real property was, *in conformity with law, thereafter duly* offered for sale *at the annual tax sale, and no bid was received therefor, and said property remained the property of said County, and thereafter the said property was* sold pursuant to authority of law *to said party of the second part,* said (second) party *of the second part* became the purchaser of the whole thereof, for. the sum of Three Hundred Twenty and no/100 Dollars, which has been paid in full.

"NOW, THEREFORE, The said County as party of the first part, in consideration of the premises and pursuant to authority of law, does hereby (hereby does) GRANT, BARGAIN, SELL, AND CONVEY to the *said* second party, his heirs and assigns, that certain real property situated in said County of Burleigh, North Dakota, described as follows, to-wit: (description of premises)

"TO HAVE AND TO HOLD, the above described real property with all of the appurtenances thereunto belonging to the said party of the second part, his heirs and assigns, forever."

The deeds follow the form prescribed by Sec 57-2816 NDRC 1943, (set out in Adams County v. Smith, supra), except that the italicized portions were added to the statutory form and the portions in parenthesis omitted therefrom. The additions to and omissions from the form of deed as prescribed by the statute as above noted did not effect the efficacy of the deed as an instru-

ment of conveyance. It neither added to nor detracted from the quality of the estate conveyed. The added language in the deed is merely explanatory of the fact the premises had not been sold at the annual tax sale and were being sold at private sale. Nind v. Myers, 15 ND 400, 109 NW 335, 8 LRA NS 157.

The deeds conforming substantially to the provisions of the statute, and the chronology and priority of the two statutes involved herein not having been altered by codification into North Dakota Revised Code of 1943, and there being no appreciable difference between the facts in the case at bar and the facts in the case of Adams County v. Smith, supra, so far as the interpretation of the two statutes herein involved is concerned, it follows that the decision in that case is controlling here, and we so hold.

The judgment is affirmed.

MORRIS, C. J., and BURKE, GRIMSON and CHRISTIANSON, JJ., concur.

SATHRE, J., disqualified, did not participate, HON. HAROLD B. NELSON, Judge of Second Judicial District, sitting in his stead.