[File No. 7240]

A. E. KOPPLIN and George Anderson, Respondents, v. BURLEIGH COUNTY, North Dakota, a Public Corporation, Appellant.

(47 NW2d 137)

Opinion filed March 21, 1951. Rehearing denied April 5, 1951

*George S. Register,* State's Attorney, *James A. Hyland,* Assistant States Attorney and *C. E. Brace,* Assistant Attorney General, for appellant.

*Cox, Cox, Pearce & Engebretson,* for respondents.

NELSON, Dist. J.   Plaintiffs brought this action to determine adverse claims to several tracts of land situated in Burleigh County, North Dakota.   The facts necessary to an understanding of the issues involved, briefly stated, are:   Defendant is a public corporation, one of the duly constituted counties in this State, and at various times prior to 1949 became the owner of the real property described in the complaint by Auditor's Tax Deeds conveying such premises to it by reason of the non-payment of taxes levied and assessed thereon in prior years and on May 10, 1949, the County Auditor of said County sold said premises to plaintiffs at private sale pursuant to the provisions of Sec 57–2817 NDRC 1943, and on June 15, 1949 the County conveyed the premises so sold to plaintiffs, neither of whom

had previously owned any portion of the property described in the complaint. The complaint is the statutory form of an action to determine adverse claims. The County is the only defendant. It answered claiming an interest in the premises to the extent of fifty percent of all oil, natural gas, or minerals on or underlying the lands described in plaintiffs' complaint, basing its claim on the provisions of Sec. 11–2704 NDRC 1943 and the following reservation contained in its deed to plaintiffs "except the party of the first part (the County) reserves ownership of 50 per cent of all oil, natural gas or minerals which may be found on or underlying said land." The case was tried to the court without a jury on stipulated facts and judgment having been entered for plaintiffs the defendant perfected its appeal to this court, assigning as error the action of the trial court in denying its claim, and demands a trial de novo.

This court has heretofore held that the reservation provided for by Sec 11–2704 does not apply automatically where the county sells lands, title to which it has acquired for non-payment of taxes. Adams County v. Smith and Dakota Collieries Co., 74 ND 621, 23 NW2d 873, and Kershaw et al v. Burleigh County (recently decided). These decisions are controlling of this case so far as this point is concerned. The only question left for determination in this case is, therefore, the effect, if any, of the inclusion of the reservation above quoted in the deed itself.

Sec 57–2817 NDRC 1943 provides that "All parcels of real estate not sold at the annual November sale (Sec 57–2813 NDRC 1943) may be sold by the county auditor at private sale at any time before the next annual November sale . . . ."

Sec 57–2818 NDRC 1943 provides that "Any private sale of real property made between the annual November sales shall be made upon the same terms and conditions as a sale is authorized to be made at the November sale, . . . and the purchaser shall be entitled to a deed as provided in this chapter."

The deed "provided in this chapter" is the form set out in Section 57–2816 NDRC 1943, and is as follows:

"Whereas, the real property hereinafter described was acquired by the county through tax deed proceedings for the non-

payment of taxes levied and extended against said property for the years of 19..... to 19....... inclusive, with interest and penalties, amounting to the sum of ............. ..... dollars and

"Whereas, said real property was offered for sale, and sold, pursuant to authority of law, on the ..... day of ............, 19....., and at said sale, said second party became the purchaser of the whole thereof, for the sum of ................. dollars, which has been paid in full,

"Now, Therefore, the said county as party of the first part, in consideration of the premises, and pursuant to authority of law, hereby does grant, bargain, sell, and convey to the second party, his heirs and assigns, that certain real property situated in said county of .............., North Dakota, described as follows, to-wit:

"To have and to hold the above described real property with all of the appurtenances thereunto belonging to the said party of the second part, ........ heirs and assigns forever."
and conforms to the requirements of Sub-division 5 of Sec 57-2815 NDRC 1943 reading:

"Upon the payment of the purchase price in cash, or the payment in full of all installments, with interest to the date of payment, the county shall execute and deliver to the purchaser a deed conveying to him all right, title, and interest of the county in and to such property."

The foregoing form of deed prescribed by statute is the only form of deed the county is authorized to use in conveying lands acquired by it for non-payment of taxes. The form does not contain any reservation such as the one inserted in the deed involved in this action. The statute having declared what title, estate and interest of the county should be conveyed to the purchaser of lands forfeited to it for non-payment of taxes, a deed conveying a lesser title, estate or interest is void as to any estate or interest attempted to be retained contrary to the provisions of the statute. As we pointed out in the case of Sailer v. Mercer County, 75 ND 123, 26 NW2d 137: "The law does not provide that the county shall agree to convey a valid title in

fee simple. It provides that the county shall agree to convey and that it shall convey only 'all right, title, and interest of the county in and to such property.' . . . A purchaser from the county acquires certain contract rights to all the 'right, title and interest' of a county . . . ." It is the authority under which the officers act and not the recitals in the deed that determines its scope and validity. Trustee Loan Co. v. Botz, 37 ND 230, 164 NW 14. In Beggs v. Paine, 15 ND 436, 109 NW 322, relative to a tax deed this court said: "the statute, by prescribing the form, has thereby made every fact recited in the form a matter of substance. . . ." It follows that the substance of the deed may not be varied by the officers executing it. The powers of public officers are to be measured by the terms and necessary implications of the grant conferring the power on them. In this case the mandate of the statute is that in conveying lands forfeited to the County for non-payment of taxes the officers do so by an instrument conveying to the purchaser "all right, title, and interest" the County has in the lands conveyed. An instrument conveying any lesser estate is not a compliance with the statute. "In general, the powers and duties of officers are prescribed by the Constitution or by statute, or both, and they are measured by the terms and necessary implication of the grant, and must be executed in the manner directed . . . ." 43 Am Jur 68, Sec 249, 67 CJS 365, Sec 102. The title conveyed in a deed given in an official capacity is limited by the authority which the grantor possesses, and is dependent thereon. Pinkerton v. Fenelon, 131 Wis 440, 111 NW 220, 11 Ann Cas 729. We hold the attempted reservation in this case void.

The judgment is affirmed.

MORRIS, C. J., and BURKE, GRIMSON and CHRISTIANSON, JJ., concur.

SATHRE, J., being disqualified, did not participate, HON. HAROLD B. NELSON, Judge of Second Judicial District, sitting in his stead.

NELSON, Dist. J. (On Petition for Rehearing). Appellant has

filed a petition for rehearing wherein it is argued that Chap. 136 Laws of 1941, insofar as it applied to lands forfeited to the county for non-payment of taxes was repealed by Chap 286 Laws of 1941, and that there was, therefore, no law providing for any reservation of oil, gas, coal or minerals on tax forfeited lands until the adoption of the revised code in 1943, at which time the legislature adopted the code containing Chap 11–2704 in its present form, the concluding sentence of which reads as follows: "The Board of County Commissioners may reserve to the county all or any percentage of the oil, gas, coal, or mineral rights exceeding such fifty percent in all lands sold by the county" and that the addition of the foregoing language to said section had the effect of making it a new law, which went into effect with the adoption of the code in 1943 and was, therefore, later in point of time than the enactment of Chap 286 Laws of 1941 and consequently took precedence over such chapter. The concluding sentence of Chap 11–2704, above quoted was, however, a part of Chap 123, Laws of 1937, reading as follows: "If in the opinion of the Board of County Commissioners the facts justify it, said Board may on sale of any land reserve to the county all or any part of the oil, gas, coal and/or mineral rights therein; . . . ." The codifiers in codifying the code inserted the foregoing provision of Chap 123 Laws of 1937 as the concluding sentence in Sec 11–2704. This provision was, therefore, a part of the law of the state when the revised code of 1943 was adopted and not being a new enactment retained its historical rank after the adoption of the code. It therefore follows that the quoted portion of Sec 11–2704 is governed by the rule announced by this court in the case of Adams County v. Smith and Dakota Collieries Co., 74 ND 621, 23 NW2d 873. Furthermore the effect of that portion of Sec 11–2704 quoted above is not involved in this case. Appellant did not urge on the original hearing, nor does it claim now, that any such action ever was taken by the Board of County Commissioners. This case was presented, heard and determined on the basis that the only reservation involved was the reservation of fifty percent of all oil, natural

948

gas, or minerals provided for by Chap 136 Laws of 1941 as originally enacted.

Other matters referred to in the petition for rehearing were disposed of in the original opinion and need not be further noted here.

Rehearing denied.

MORRIS, C. J., CHRISTIANSON, BURKE and GRIMSON, JJ., concur.