[File No. 7317]

STATE OF NORTH DAKOTA, on Behalf of Itself and the Taxpayers of the Said State of North Dakota; Ward County and Bottineau County, Public Corporations and Counties of Said State of North Dakota; C. B. Stenerson and A. E. Bergman, Taxpayers of the Said State of North Dakota, for and on Behalf of Themselves and All Taxpayers; and Leonard F. Ward, in His Own Behalf and in Behalf of Others Similarly Situated, Appellants, v. THE CALIFORNIA COMPANY, a Foreign Corporation, The Carter Oil Company, a Foreign Corporation, John Hippe, L. R. Bach, J. H. C. Gilbert and Buford B. Steinhaus, Respondents.

(56 NW2d 762)

Opinion filed January 15, 1953.   Rehearing denied Feb. 3, 1953

*E. T. Christianson,* Attorney General, *C. E. Brace,* Assistant Attorney General et al., for appellants.

*Cox, Cox, Pearce & Engebretson, Bosard & McCutcheon, Benson & Swanson,* for respondents.

Hutchinson, District Judge. This action was brought for the purpose of quieting title in Ward and Bottineau Counties in and to fifty per cent of the oil, natural gas, and minerals found on or underlying lands acquired by such counties by tax proceedings or otherwise and which lands have been or may be resold. The issue is whether this court should overrule and set aside its decisions in the following cases:

Adams County v. Smith, 74 ND 621, 23 NW2d 873;

Kershaw v. Burleigh County, 77 ND 932, 47 NW2d 132;

Kopplin v. Burleigh County, 77 ND 942, 47 NW2d 137.

The suit was tried to the court without a jury and resulted in a judgment dismissing plaintiffs' complaint. From this judgment the plaintiffs have appealed.

The complaint, other than the formal allegations, alleges that Ward and Bottineau Counties own fifty per cent of the gas and oil rights in 51,000 acres of land pursuant to the reservation of mineral rights contained in Chapter 136 of the Session Laws of North Dakota for 1941. Then follows the particular description of the lands. The complaint further alleges that Chapter 286 of the Session Laws of 1941 was not intended by the Legislature to repeal Chapter 136, and that the court by its decisions in the cases above cited clearly thwarted the legislative intent and, in effect, promulgated judicial legislation in violation of Section 10, Article I of the Constitution of the United States; that a code commission, selected according to law and pursuant to authority, codified the laws of North Dakota in 1943, which codification was duly adopted by the Legislature, and wherein Chapter 136 of the Session Laws of 1941 appears as Section 11-2704, and after proclamation became a law of our state; that the matters involved in this action are of general interest and affect the welfare of all the people of the State of North Dakota in that the production of oil and gas will be an important source of revenue; that the title to all mineral rights reserved by Chapter 136 should be quieted in the owners thereof.

The answers generally deny the allegations of the complaint and then set forth the leasehold interests of the defendants.

The plaintiffs concede that the facts in the case are the same as in the Kershaw and Kopplin cases above cited with this exception: The plaintiffs have here offered the testimony of three members of the 1941 Legislature, who testified as to the intent of the Legislative Body in the passage of Chapters 136 and 286. That this testimony was incompetent for any purpose seems apparent. The plaintiffs have cited no authority to sustain the competency of this testimony. They admit that such evidence could not be offered to prove legislative intent or to aid in the interpretation of any Act or to aid in the reaching of any conclusion as to the meaning of any Act, but they argue that such evidence shows that the members of the Legislature did not discern any conflict between Chapters 136 and 286. Whether the members of the Legislature discerned a conflict is

manifestly immaterial. The testimony of individual members of the Legislature is inadmissible, whether it pertains to legislative intention or motives of the members in enacting the law, the meaning of which is being determined. Sutherland on Statutory Construction, 3rd Ed., (Horack) Section 5013; United States v. Trans-Missouri Freight Ass'n, 166 US 290, 41 L ed 1007, 17 Sup Ct Rep 540.

It is unnecessary to review the argument of counsel for plaintiffs in this case because it appears evident that the same argument was made in the Adams County, Kershaw and Kopplin cases. It is not disputed that this court considered all the issues raised in this case in the previous cases heretofore decided. The sole contention is that this court was wrong in its former decisions and therefore they should be overruled. There is no complaint that those former decisions were not carefully considered or that the conclusions were arrived at without the full expression of reasons. Only one inference can be drawn from a review of the former decisions announced by this court, and that inference is that they were arrived at after thorough deliberation. The decisions heretofore rendered by this court were reasoned conclusions backed by authority and considered with care. No cogent reason has been presented sustaining the plaintiffs' conclusion that the former decisions were erroneous.

There is a further reason why this court should not withdraw its approval of its former decisions. It is a matter of common knowledge that since these opinions were announced there has been in our state an enormous activity in the purchase, sale and leasing of mineral rights. The former decisions of the court have become a rule of property and under the doctrine of "stare decisis" should be adhered to. Horton v. Wright, Barrett & Stilwell Co., 43 ND 114, 174 NW 67; Seibert v. United States, 129 US 192, 32 L ed 645, 9 Sup Ct Rep 271; 14 Am Jur, Courts, Section 65; 15 CJ, Courts, Section 304; and 21 CJS, Courts, Section 187.

The judgment entered in the District Court dismissing plaintiffs' complaint is affirmed.

Morris, C. J., and Grimson, Thomas J. Burke and A. M. Christianson, JJ., concur.

Mr. Justice Sathre, being disqualified, did not participate, Hon. W. H. Hutchinson, Judge of Third Judicial District, sitting in his stead.