Clarence O. STEEN and Josie Steen, as Joint
Tenants, Plaintiffs and Respondents,

v.

Deane E. FAY, Defendant and Appellant.

No. 7459.

Supreme Court of North Dakota.

Oct. 30, 1954.

Robert B. Baird, Dickinson, for defendant and appellant.

B. L. Wilson, Bowbells, for plaintiffs and respondents.

SATHRE, Judge.

This is an action brought by the plaintiffs against the defendant to quiet title to the SE¼ of Section 18, Township 162, Range 93 in the County of Burke, State of North Dakota. The complaint is in the statutory form for determining adverse claims. The defendant answered alleging that he is the owner of 50% of all oil, natural gas or minerals found on or underlying said land. The undisputed facts are substantially as follows:

Some time prior to October, 1946 Burke County had acquired title to the premises involved in this action through tax deed proceedings. On October 1, 1946 Burke County sold the said premises to the defendant Deane E. Fay and issued to him the regular form of county deed covering the said premises but which deed contained the following provisions:

"The party of the first part reserves ownership of 50% of all oil, natural gas or minerals which may be found or underlying said land."

On April 30, 1948 the defendant Deane E. Fay sold the said premises to the plaintiff Clarence O. Steen and executed and delivered to him a quitclaim deed in the usual form. However said quitclaim deed contained no reservation of minerals. On the 7th day of May 1952 Burke County executed a second quitclaim deed to the defendant Deane E. Fay by which it granted, bargained, demised and released and quitclaimed to said defendant all of the premises previously conveyed to the defendant and in addition this deed recited that:

"It is the intent of this deed to convey the 50% of oil, gas and other minerals reserved in that deed dated October 1, 1946 which is recorded in Book 54 of Deeds on page 252."

Thereafter the plaintiffs through their attorney attempted to procure a quit-claim deed from the defendant quit-claiming to the plaintiffs 50% of the minerals in said described premises in order to remove any cloud on the title by reason of the reservation made by Burke County of 50% of the minerals. The defendant refused to give a quitclaim deed to the plaintiffs and as a result this action was brought. The action was tried to the court without a jury at Minot, Ward County, North Dakota before the Hon. A. J. Gronna, District Judge. Judgment was rendered in favor of the plaintiffs to the effect that the reservation of 50% of the minerals by Burke County in its deed to defendant Deane E. Fay was null and void and of no effect and that the deed executed by said Burke County on October 1, 1946 to the defendant conveyed all of the right, title and interest of the county in and to the said premises to the defendant Deane E. Fay. The defendant appealed from the judgment.

The only issue in the case is as to the ownership of 50% of the oil, natural gas and minerals on or underlying the land involved.

The Legislative Session of 1941 enacted Chapter 136, 11-2704, NDRC 1943, and Chapter 286, 27-28, NDRC 1943.

Section 11-2704 requires the county upon the sale of lands, whether such lands were acquired by tax deed proceedings or not, or by any other method, to reserve to the county 50% of all oil, natural gas, or minerals which may be found on or underlying the land. The reservation made by Burke County in its deed of October 1, 1946 to the defendant Fay was made under said statute. Chapter 286, passed at the same session as Chapter 136, deals exclu-

sively with tax deed proceedings by the counties and prescribes the form of deed to be used by the county in conveying lands acquired through non-payment of taxes. It provides that such deed given to the purchaser by the county is one conveying all right, title and interest of the county to the purchaser. It makes no provision for reservation of gas, oil and minerals. Chapters 136 and 286 were contemporary enactments passed at the 1941 session of the legislature but Chapter 286 was approved by the governor one day after the approval of Chapter 136.

This court has held in several recent decisions that Chapter 136 is a general statute and deals with all sales of lands by counties whether such lands were acquired through tax deed proceedings or by any other method. Chapter 286 is a special statute dealing comprehensively with lands acquired by counties through tax deed proceedings, and being later in point of time of enactment supercedes Chapter 136 with respect to lands acquired through tax deed proceedings. Adams County v. Smith, 74 N.D. 621, 23 N.W.2d 873; Kershaw v. Burleigh County, 77 N.D. 932, 47 N.W.2d 132; Kopplin v. Burleigh County, 77 N.D. 942, 47 N.W.2d 137; State v. California Co., N.D., 56 N.W.2d 762.

In Adams County v. Smith [74 N.D. 621, 23 N.W.2d 878] we said:

"Where, as in this case, a statute dealing comprehensively and exclusively with a special subject is in irreconcilable conflict with a prior and more general enactment, the later and more specific statute prevails. * * * The application of recognized rules of statutory construction with respect to both the chronology of the enactment of the statutes and a comparison of their subject matter and scope impels us to hold that Ch. 286 prevails with respect to the conveyance by a county of lands acquired by it through tax deed proceedings."

and in the case of Kopplin v. Burleigh County, supra [77 N.D. 942, 47 N.W.2d 140], we said:

"It is the authority under which the officers act and not the recitals in the deed that determine its scope and validity. * * * It follows that the substance of the deed may not be varied by the officers executing it. The powers of public officers are to be measured by the terms and necessary implications of the grant conferring the power on them. In this case the mandate of the statute is that in conveying lands forfeited to the County for non-payment of taxes the officers do so by an instrument conveying to the purchaser 'all right, title, and interest' the County has in the lands conveyed. An instrument conveying any lesser estate is not a compliance with the statute."

It follows that Chapter 136 did not apply to the sale by Burke County to defendant Fay, and that the deed of October 1, 1946 conveyed to him all of the county's right, title and interest in the real property involved including natural gas, oil and minerals, and that the attempted reservation was a nullity. The subsequent deed of May 7, 1952 by Burke County to the defendant was therefore superfluous as the county had previously conveyed to him all of its right, title and interest in the land involved. We conclude therefore that upon the undisputed facts, the law applicable thereto and the decisions cited herein, the judgment of the district court was correct and it is affirmed.

MORRIS, C. J., and BURKE, JOHNSON and GRIMSON, JJ., concur.