Delbert DE SHAW, Plaintiff and Respondent,

v.

McKENZIE COUNTY, North Dakota, a Public Corporation; and Arne Tollefson, as County Auditor of McKenzie County, North Dakota, Defendants and Appellants.

No. 7982.

Supreme Court of North Dakota.

March 22, 1962.

Rehearing Denied April 16, 1962.

Eugene K. Anthony, State's Attorney, Watford City, and William R. Pearce, Bismarck, for defendants and appellants.

Walter O. Burk, Williston, for plaintiff and respondent.

STRUTZ, Judge.

This action was brought by the plaintiff as the former owner of certain real property described in the complaint, to quiet title as to McKenzie County of any estate or interest which the defendant county has or claims to have in such real estate, and for an accounting by the county for any monies received by it by reason of such estate or interest.

The plaintiff became the owner of the real property in question by virtue of a patent issued by the United States of America on November 1, 1921. He paid no taxes on the land after the issuance of the patent, and on June 1, 1929, through tax-deed proceedings, the validity of which are not questioned by the plaintiff, McKenzie County obtained a tax deed to the property.

On June 11, 1937, McKenzie County gave to the United States of America an option to purchase this land as a part of the Government's program of acquiring marginal lands in the western part of North Dakota. In the option so given to the United States of America, McKenzie County attempted to reserve unto itself certain mineral rights. On June 26, 1937, the Government exercised this option and agreed to purchase the land subject to such reservations.

On August 16, 1938, the United States of America filed notice of lis pendens in a condemnation proceeding against a large tract of land in McKenzie County, such large tract including all of the land formerly owned by the plaintiff and being the land involved in the present action here under consideration. The plaintiff was named as a defendant in such condemnation proceedings, but he made no appearance and was wholly in default therein.

On April 15, 1939, the United States of America issued a declaration of the taking of such land and thereafter entered judgment in such condemnation proceedings. By such judgment, title to the land formerly owned by the plaintiff was vested in the United States of America, subject to the granting by the United States to McKenzie County, its successors and assigns,

"* * * for a period of twenty-five (25) years, to expire February 15, 1962, of the exclusive rights to prospect for and exploit gas and oil in, on and under said tracts, with the right to extensions of five (5) year periods in perpetuity, provided vendor and/or its successors and assigns have exercised said right to commercial advantage for a period of at least 200 days in each year of each preceding period; but the vendor and/or its successors and as-

signs are limited to twenty-five (25) acres around each producing mine or well of the preceding period. However, such reservation shall apply only to gas and oil acquired from said vendor."

Thereafter, on September 5, 1939, the defendant McKenzie County executed and delivered to the United States of America a tax deed to this property, which tax deed contained no reservations of any nature or description.

Under the authority given to the defendant McKenzie County in the condemnation judgment to prospect for and exploit gas and oil, mineral leases have been given by the defendant county and four producing wells now are located on the property to which the plaintiff at one time held title.

On January 25, 1960, the plaintiff made and filed with the defendant Arne Tollefson, county auditor of defendant McKenzie County, an application to repurchase such property from the county offering and demanding the right to make redemption from the tax-title proceedings by which the defendant McKenzie County had acquired title to the land, and agreeing to accept whatever title then remained in McKenzie County in full satisfaction of the plaintiff's right to redeem and repurchase. This application was rejected by the board of county commissioners of the defendant county.

On these facts, the trial court, without memorandum opinion, found for the plaintiff on the ground that the plaintiff, under the laws of the State of North Dakota, had the right to repurchase any title to such property remaining in McKenzie County at the time of the plaintiff's demand and application. The court thus found that, at the time of the plaintiff's demand, the county had in its possession, as part of the tax title remaining in the county of that tax title which the county had originally acquired by tax proceedings in 1929, certain mineral reservations and interests. The court further held that these mineral reservations and interests, as part of the tax title remaining in

the county, were subject to repurchase by the original owner. On the basis that a part of the tax title remained in the county, the court further found that the plaintiff was entitled to the royalty payments received by the defendant county from production on such property for the period from February 1960 through December 1960, being the period dating from the plaintiff's offer to repurchase from the county to the date of the trial.

Judgment was entered for the plaintiff in accordance with the findings and order for judgment made by the trial court, and defendants have appealed therefrom, demanding a trial de novo of all of the issues.

When the defendant McKenzie County, in 1929, acquired the tax deed to the plaintiff's property through tax proceedings, the validity of which proceedings are not questioned by the plaintiff, such property became the absolute property of McKenzie County in the same manner as if it had been purchased at tax sale by an individual purchaser. Sec. 2202, 1925 Supp., N.D.Comp.Laws. When the county, on June 11, 1937, gave to the United States of America an option to purchase this land, with certain reservations, its duty under the law was to offer to sell all of its interests therein, without reservation. Chapter 288 of the 1931 Session Laws of the State of North Dakota, in force at the time of this sale, provided that, upon full payment,

"* * * the county shall execute and deliver to the purchaser a deed conveying all right, title and interest, in and to such property."

There is no provision in the law for the county to convey anything less than all of its right, title, and interest in and to such tax-title property. There is no authority for the county to reserve any part of its tax title. The statute having declared what title, estate, and interest of the county shall be conveyed to the purchaser of the land forfeited to it for nonpayment of taxes, a deed conveying a lesser title, estate, or inter-

est is void as to any estate or interest attempted to be reserved contrary to the provisions of law. Kopplin v. Burleigh County, 77 N.D. 942, 47 N.W.2d 137.

As was pointed out by this court in the Kopplin case, the law does not provide that the county convey a valid title in fee simple to the purchaser, but it does provide that the county shall convey all the right, title, and interest which the county may have in and to such tax-title property.

■ Where the statute specifically provides what the county shall convey, the substance of the deed may not be altered or varied by county officers executing it. Their statutory authority determines what the deed conveys. Thus the substance of the deed may not be changed from what the statute provides shall be conveyed. In this instance, the statute orders the county, in conveying lands forfeited to it for nonpayment of taxes, to convey to the purchaser all right, title, and interest which the county has in such lands. The attempted reservation by McKenzie County in the deed of June 11, 1937, to the United States of America was not a compliance with the law, and the attempted reservation by the county was void.

■ Since the effect of the giving of the deed by the county to the Federal Government in 1937 was to convey all the right, title, and interest which the county had in and to the lands in question, the county, by giving such deed, parted with all of its title. There remained no part of the tax title in the county for the original owner to repurchase. Because the county had ceased to be the owner of any part of the tax title by the giving of such deed, we need not determine the effect of the judgment in subsequent condemnation proceedings, which judgment gives to the county the right to prospect for and to exploit gas and oil, nor need we determine the effect of the giving of the tax deed of September 5, 1939, by the county to the United States, which deed contained no reservation of any kind or nature. Such subsequent proceedings would be immaterial so far as this case is concerned.

No portion of the original tax title remaining in the county at the time the plaintiff made his demand and application, as former owner, to repurchase, the application of the plaintiff to repurchase was properly rejected by the county.

For reasons stated herein, the judgment of the district court is reversed and the plaintiff's complaint is ordered dismissed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.